## BRAYTON v. THE COUNTY OF DELAWARE.

1. STAMPS: APPEAL BOND: CERTIFICATE OF JUSTICE. The appeal bond and certificate of a record by a justice of the peace in a cause appealed to the District Court, are a part of the legal proceedings in the cause, and are not, under the internal revenue law, papers which require stamps to give them validity.

Brayton v. The County of Delaware.

2. DEFAULT: PLEADING. Pleas filed when the defendant is in default should on motion of plaintiff be stricken from the files.

3. SAME: ON APPEAL. A defendant in default, before a justice of the peace, will not be permitted to plead until the default has been set aside by a compliance with § 3150 of the Rev. of 1860.

4. TENDER: VERDICT. An absolute verdict against plaintiff is inconsistent with a plea of tender which admits the defendant's liability to the extent of the amount tendered; and upon plaintiff's motion should be set aside.

*Appeal from Delaware District Court.*

TUESDAY, APRIL 12.

THE facts are embodied in the opinion of the Court.

*Brayton, pro se.*

*Cooley* for the appellee.

LOWE, J.—In this cause, the plaintiff's complaint is, that the county of Delaware sold to him certain tracts of land for the delinquent taxes claimed to be due thereon; that afterwards, in foreclosing his tax title, it was ascertained that there were no taxes due on said land at the time the sale occurred, and that the county had no lawful right to expose the same for sale for the object mentioned; and thereupon the said plaintiff brings his suit in the Justice's Court to recover back from the county the money thus expended. At the trial, certain individuals offered to appear for the defendant: upon examination, the justice held that they had no authority to do so, and rendered a judgment by default in favor of the plaintiff, and thereupon the defendant appealed to the District Court.

The plaintiff moved to dismiss the appeal on several grounds which were overruled. Of these, the plaintiff relies upon two in this court, namely, that the appeal bond and the certificate of the justice contained no revenue stamps. In regard to this point, it is only necessary to sug-

gest, that those two papers, being, in our judgment a part of the legal proceedings in the case, are not required, under the revenue law, to be stamped.

Again, it is claimed that the Court erred in refusing, upon the motion of the plaintiff, to strike from the files the pleas of the defendant, although filed with leave of the Court, because the defendant at the time was in default, and was not entitled to plead until the same was removed or opened up in the manner prescribed by law. We are inclined to think that this was error, and that the motion should have prevailed.

The record shows that the default was made before the justice of the peace, and this may or may not have been occasioned by the improper ruling of the justice. Nevertheless, it was entered, and there was no attempt to set it aside, which could have been done any time within six days, before the justice (§ 3886, Rev. of 1860); nor was there any effort made to set up a defense. Under such circumstances, an appeal to the District Court does not give to the defendant such a standing in Court as that he can plead to the action without first purging the default, and having failed to do so till after his appeal, he should at least be held to comply with the terms of the statute (§ 3150, Rev. of 1860) for setting aside default in the District Court.

Once more: in the case at bar the defendant pleaded a tender of six dollars and ninety-three cents, and also a general denial to the plaintiff's entire claim. These two defenses as pleaded are inconsistent with each other, and under the old practice would not be allowed to be joined, unless the plea of the general issue excepted the amounts tendered and controverted the residue of the plaintiff's demand; yet in this case, with the pleadings as stated, the jury returned a verdict to the effect that they found that the plaintiff had no cause of action, and upon this verdict, after overruling a motion for a new trial, a judgment was

rendered for the defendant. The motion should have been sustained. It is urged, among other things, that the verdict was inconsistent with the pleadings in the case. This was unquestionably so. The plea of tender admits the plaintiff's cause of action to the amount tendered, and the verdict and judgment thereon should not have been against this admission. For the reasons which we have stated, the judgment below will be reversed and the cause remanded.

Reversed.