Burton v. Hintrager.

## BURTON v. HINTRAGER.

1. **Tax sale:** MINOR. A minor must be the owner of land sold for payment of taxes *at the time of such sale* to be entitled to an extension of the time of redemption beyond the three years prescribed by the revenue law. A subseqently acquired title does not invest a minor with such rights.

2. **Mortgage:** INTEREST OF MORTGAGEE. The interest of the mortgagee in the mortgaged property is but a chattel interest, and follows the debt or principal thing for which it stands security.

3. —— DESCENT. Upon the death of the mortgagee, the mortgage passes to the administrator, who, in equity, is the trustee of the heir, and for whom he holds it subject to the rights of creditors.

4. **Tax sale:** MORTGAGE; REDEMPTION. The heir of the mortgagee of real estate has such an interest therein as entitles him to redeem the property from a sale made for the payment of taxes, at any time within one year after attaining majority.

*Arg.* 1. REAL PROPERTY. The " real property " of a minor, within the meaning of the statute, may consist in an equitable interest in land.

 2. —— LIBERAL CONSTRUCTION. A liberal construction is given to statutes providing for the redemption of real estate sold for taxes.

5. —— TENDER. A tender of a sum of money for the purpose of redeeming real estate from a tax sale, is an admission that the amount tendered is due, and is a waiver of any irregularity in the assessment or sale. *Brayton* v. *The County of Delaware*, 16 Iowa, 44.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 13.

THIS is a suit in equity to redeem the north two-thirds of lot number seventeen, in the city of Dubuque, from tax sale and conveyance. The material facts necessary to a proper understanding of the question decided, may be concisely stated as follows: On the 21st day of February, 1581, Platt Smith, being the owner of the property in controversy, mortgaged it to John Burton, to secure the payment of a large sum of money borrowed by Smith of Burton. On the 21st day of February, 1854, John Burton

died intestate, leaving the plaintiff, Mary Burton, his only child, now about eleven years old, and his widow surviving him. At the November Term, 1863, of the District Court of Dubuque county, the mortgage was foreclosed and a decree was entered, under which the property was conveyed to the plaintiff, Mary Burton, on December 2d, 1863. The property was sold to the defendant at a tax sale made by the county treasurer on the sixth day of May, 1861, for the taxes of 1859. It was also afterwards, and in the same year, sold by the country treasurer for other taxes, and also by the city treasurer, the defendant being the purchaser. The defendant also paid subsequent accruing taxes. On the seventh day of May, 1864, the county treasurer executed and delivered to defendant a deed for the property under the first sale. On the twelfth day of the same month, plaintiff tendered to the defendant twenty-one hundred and thirty dollars and seventy four cents, in payment or redemption for all taxes paid by defendant, together with penalty and interest, and demanded a quit-claim deed for the property. The defendant refused to accept the tender, and thereupon plaintiff paid the money into the respective county and city treasurers' offices, for the use of defendant, and brought this suit. Pending the trial, the plaintiff paid into court for defendant the additional sum of two hundred and seventy-five dollars, to cover any deficiency in the tender and deposit.

Other tax deeds were made to defendant under the subsequent sales, during the pendency of the cause. The plaintiff also alleged certain errors in the assessment of the taxes and in the sales to defendant. The District Court decreed that plaintiff had the right to redeem, and the money tendered to defendant, together with that afterwards paid into court, was sufficient therefor. The plaintiff was adjudged to pay the costs which accrued up to the payment into court of the additional sum, and the defend

ant to pay the subsequent costs, and the several tax deeds were set aside and plaintiff's title quieted. The defendant appeals.

*John L. Harvey* for the appellant.

*Wilson & Doud* for the appellee.

COLE, J. — I. Our statute provides that where real property has been sold for taxes, it may be redeemed at any time before the expiration of three years from the date of sale. And "if the real property of any minor or lunatic is sold for taxes, the same may be redeemed at any time within one year after such disability is removed," &c. (Revision, § 779; Laws of 1862, p. 226.)

*1. TAX SALE: minor.*

It will be seen, by reference to the statement, that the mortgage by Smith to Burton, the ancestor of plaintiff, was made prior to the taking effect of the Code of 1851, section 1210 of which provided that the mortgagor of real estate retains the legal title and right of possession. (See also Revision, § 2217.) But at the date of the mortgage the legal title vested in the mortgagee. 1 Hill. Mort., 104, and authorities there cited; Blackw. Tax Titles, 2d ed., 383, 384. We refer to this difference, because it was discussed at some length by counsel; but in our view, the rights of the plaintiff in this case would be the same if the mortgage had been executed after the Code of 1851 took effect, as they are under the mortgage executed before. We concede, for the purposes of this case, what appellant's counsel claims, that it is requisite under our statutes (Laws of 1852, p. 226, and Revision, § 779), in order to entitle the minor to an extension of the time of redemption beyond the three years that the minor should be the owner of the property at the time of the sale. A subsequently acquired ownership would not entitle the minor thus acquiring it to the one year after removal of disability for

redemption. The right of the purchaser at the tax sale could not be thus postponed or defeated.

The interest of a mortgagee in the mortgaged property **2. MORT-GAGE: interest of mortgagee.** (either before or since the Code), is but a chattel interest, and follows the debt or principal thing for which it stands as security. 1 Hill. Mort., 215; *Baldwin* v. *Thompson*, 15 Iowa, 504.

And in case of the death of the mortgagee, the mortgage **3. —— De-scent.** passes to the executor or administrator, and not to the heir. But the administrator does not take it in his own right; he simply holds it in his fiduciary capacity, and in trust for the heir, who is in equity (in the absence of creditors) entitled to it.

It is provided by our Revision, § 29, subd. 8, that the **4. TAX SALE; mortgage; redemption.** **Arg. 1. REAL PROPERTY.** word "land," and the phrases "real estate" and "real property" include "lands, tenements and hereditaments, and all rights thereto and interests therein, equitable as well as legal." The "real property" of a minor, therefore, under these provisions, may be an equitable interest in land; and if the right to redeem was limited to the owners of real estate, under the statutory definition, this plaintiff would be within the rule. *Seevers* v. *Delashmutt*, 11 Iowa, 174.

But even this limitation does not apply. The most **Arg. 2. —— liberal construc-tion.** liberal and benign construction is given to the statutory provisions for the redemption of real estate sold for taxes. The purchaser at tax sale is amply compensated and protected in his advancement for taxes, by the enormous penalty and exorbitant interest allowed by our law, even under this rule of construction, which is the general rule. Mr. Blackwell, in his work on Tax Titles, says, "it may be, therefore, laid down as a general rule, that any right whatever, at law or equity, whether perfect or inchoate, whether in possession or action, amounts to an ownership of the land, and that a

charge or lien upon it constitutes the person claiming it an owner so far as it is necessary to give him the right to redeem." Blackw., Tax Titles, 2d ed., 496; *Byington* v. *Rider*, 9 Iowa, 566. We have, therefore, no hesitation in holding that the plaintiff was, at the time of the sale of the property for taxes to defendant, the owner of it within the meaning of the redemption clause, and as such, had a right to redeem. We hold that the same interest which, if held by an adult, would give him the right to redeem within three years, will, if held by a minor, give such minor the right to redeem at any time within one year after removal of the disability.

II. The court below held that the plaintiff, by tendering the amount of taxes paid by defendant, with penalty and interest, allowed by law to him, had waived all objections as to the amount due, and could not show any irregularity in the assessment or sale so as to defeat the defendant's right to the amount tendered. This ruling was correct. *Brayton* v. *County of Delaware*, 16 Iowa, 44.

