WALKER v. SARGENT ET AL.

1. **Practice:** FAILURE TO EXCEPT: APPEAL.  Where no exception is taken to the ruling upon a demurrer, such ruling does not come up for review on appeal.

2. **Tax Sale:** REDEMPTION: UNACKNOWLEDGED CONVEYANCE.  The production from the custody of the guardian of a minor, who was a near relative, of an unacknowledged conveyance to land sold after the date of the conveyance for delinquent taxes, was *held* not to make a *prima facie* case of ownership in the minor, entitling him to redeem from the tax sale after attaining his majority.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, DECEMBER 13.

ON the 17th day of January, 1876, the plaintiff filed his petition alleging that on the 5th day of November, 1866, the north half of the northeast quarter of section 26, in township 76, range 38, was sold to James O. Sargent for the delinquent taxes of 1865, and that on the 9th day of May, 1870, a treasurer's deed was executed to Sargent therefor; that at the time of said tax sale plaintiff was the owner of said land, was a minor, and that he attained the age of twenty-one years on the 21st day of January, 1875.  Plaintiff asks that he may be permitted to redeem from said tax sale.

The defendants, for answer, deny that plaintiff was a minor at the time of the tax sale, and that he attained his majority on the 21st day of January, 1875.  They deny that the abstract of title attached to the petition is correct.

They allege that they have no knowledge as to the execution of the deed under which plaintiff claims title, and ask that plaintiff may be required to prove the same.  They allege that during the year 1874 J. O. Sargent brought suit to quiet his title to said lands against Edmund H. Taylor, the sole record owner thereof, and that a decree confirming his title, and declaring him the absolute owner, was duly rendered on the 29th day of July, 1875, which decree has never been opened, but is still in force.  To so much of this answer as sets forth

the incorrectness of the abstract of title, and pleads the decree rendered against Edmund H. Taylor, the plaintiff demurred. The demurrer was overruled. The court entered a decree dismissing plaintiff's petition. Plaintiff appeals.

*John H. Keatley*, for appellant.

*D. C. Bloomer*, for appellee.

DAY, CH. J.—I. It is claimed that the court erred in overruling plaintiff's demurrer to the defendant's answer. The defendant has filed an amended abstract, setting forth that no exception was taken to the ruling of the court upon the demurrer. The correctness of this amendment is not disputed. In such cases, under our rules of practice the amended abstract is treated as correct. No question upon the demurrer is, therefore, properly presented for our consideration.

1. PRACTICE: failure to except: appeal.

II. It is claimed that the court erred in admitting the decree in the case of *James O. Sargent v. Edmund H. Taylor*. As to this the amended abstract states that when plaintiff objected to the introduction of the decree the court made no decision, but stated that the objection would be considered in passing on the whole case, and to this course no exception was taken by the plaintiff. In this respect, also, the correctness of the amended abstract is not denied. It is not shown that the court considered this decree in the determination of the case. Hence no question as to its admissibility in evidence properly exists in the case.

III. The evidence shows that plaintiff was a minor at the time of the tax sale, and that he commenced this action within one year from the time he attained his majority. The real question is, does the evidence show that plaintiff was the owner of the land in question at the time of the tax sale? Plaintiff claims to be the owner of the lands under a conveyance from his father, Samuel J. Walker, bearing date April 29th, 1861. The conveyance is without acknowledgment. The genuineness of Samuel J. Walker's signature is proved. At the time this conveyance was executed

2. TAX SALE: redemption: unacknowledged conveyance.

the plaintiff was about seven years old. The only proof that this conveyance was ever delivered is that it was received from plaintiff's grandfather, who was his guardian, after this suit was commenced. If the deed had been properly acknowledged, so as to furnish within itself evidence that it was executed at the time of its date, and had been found in the possession of plaintiff's guardian, this, perhaps, if more satisfactory evidence was not attainable, might create a presumption of the delivery of the deed at the time of its date. But in this case the deed, being without acknowledgment, may have been executed after the land was sold for taxes. The plaintiff's father, the grantor of the property, was introduced as a witness. He testifies that he executed a deed to Henry Winston Walker for the land, together with other lands, *dated* April 29, 1861; but he does not testify that the deed was executed at the time it bears date. Nor does he testify that the deed was ever delivered to plaintiff, or to his grandfather and guardian. Besides, the deed in question was obtained from plaintiff's grandfather *after this* suit was commenced. If the deed was in fact delivered at the time it bears date, or even before the tax sale in question, how easily that fact could have been proved by the plaintiff's father and grandfather. The silence of the father, although a witness, both as to the time of execution and the delivery of the deed tends strongly to create the impression that it was executed long after the time it bears date, for the purpose of showing title at the time of the sale in a minor, who under our statute, section 892, Code, may redeem within one year after attaining his majority. If the simple production, from the custody of the guardian of a minor, who is a near relative, of an unacknowledged conveyance, makes out a *prima facie* case of ownership in the minor, entitling him to redeem from a tax sale after attaining his majority, there is an end of all security for purchasers at tax sales. It is apparent that such a construction would open wide the door to fraud, through which many would eagerly pass.

The judgment of the court below, we think, is right.

AFFIRMED.