WITT, GUARDIAN, v. MEWHIRTER.

1. **Guardian**: LANDS OF WARD: REDEMPTION: TAX SALE. A guardian may redeem the lands of his ward, sold for taxes, at any time before the execution of the deed, by payment to the auditor; after the execution of the deed he may redeem by an equitable action, under section 892, Code.

2. ———: INTEREST OF WARD IN LAND: REDEMPTION. Where the guardian holds a mortgage upon lands in trust for the ward, the ward has such an interest therein as will entitle him, or the guardian in his behalf, to redeem the land from tax sale.

3. ———: ACTION TO REDEEM: WHEN BROUGHT. Section 892, Code, does not limit the time within which the right of redemption attaches but prescribes the period of its duration. The action to redeem may be brought before the ward's disability is removed.

4. **Mortgage**: HOLDER OF TAX-TITLE: REDEMPTION. The holder of a tax-title has no right to redeem the lands, embraced in his deed, from a mortgage thereon held in trust for a minor.

*Appeal from Union Circuit Court.*

MONDAY, DECEMBER 19.

THE plaintiff brings this action for the purpose of redeeming, from a tax sale, certain lands, in which it is alleged the plaintiff's ward, Alvin Witt, a minor, had an interest at the time they were sold for taxes. The cause was tried upon an agreed statement of facts, and a decree was entered from which the defendant appeals.

*McDill & Sullivan*, for the appellant.

*Wainwright & Miller*, for the appellee.

DAY, J.—The agreed statement of facts upon which the cause was submitted to the court below, omitting the exhibits referred to, is as follows:

"1. Alvin Witt was born May, A. D., 1866.

"2. Marilda Witt, formerly Marilda Decon, was duly appointed guardian of said minor, prior to January 1, 1873, and

VOL. LVII—35

has at all times since been, and still is, guardian of said minor.

"3. On or about January, 1873, said minor being seized in fee of the lands in controversy in this suit, his guardian, upon due application to the proper court obtained an order for the sale of said lands.

"4. In pursuance of said order for the sale of said land, said guardian sold and conveyed said land to Edward Homewood and took from said Homewood and wife a mortgage for said unpaid purchase-money * * * all of which was duly approved by the Circuit Court of Union county.

"5. On the 6th day of June, A. D. 1877, plaintiff filed her petition, as guardian of said Alvin Witt, for the foreclosure of said mortgage, making defendants, James Mewhirter and John A. Brown, his grantor, parties defendant thereto.

"6. On the trial of said foreclosure suit plaintiff dismissed, without prejudice to the rights of said minor or the cause, as to defendants Brown and Mewhirter, and foreclosed as to the Homewoods only.

"7. Said land was sold on special execution to Marilda Witt, guardian of Alvin Witt, for the use of Alvin Witt, November 16, 1878, and redemption not having been made a regular sheriff's deed was executed to said guardian for the use of said minor, on the 17th day of November, 1879, and the said deed duly filed for record and recorded in the proper records on the same day.

"8. That Edward Homewood permitted the taxes on said land to become due and deliquent; that said lands were regularly sold for non-payment of taxes, and that three years after such sale the tax purchaser, J. A. Brown, obtained a regular treasurer's tax deed for said land.

"9. On the 28th day of June, A. D. 1877, said James A. Brown and wife, conveyed said lands to defendant James Mewhirter by special warranty deed.

"10. On the —— day of ————, A. D. 18—, defendant,

James Mewhirter, by proper action, recovered possession of said land from Homewood, the plaintiff herein not being a party to said action nor consenting thereto, and the said Mewhirter retains his possession.

"11. On or about December 10, A. D. 1879, and prior to the commencement of this suit, plaintiff tendered to defendant Mewhirter the sum of one hundred and seventy-four dollars, which said sum was duly and legally tendered to said Mewhirter, and the right of redemption demanded, which tender and right of redemption was by said defendant refused and denied. On the same day said sum was deposited with the clerk of the court for said defendant, and has ever since and now remains with said clerk, subject to the order of said defendant for the purpose of redemption from said tax sale. It is agreed that Henry A. Witt, and Henry Alvin Witt, and Alvin Witt, are one and the same person, and that mistakes in any names mentioned in pleadings or agreed statement, may be corrected at any time. It is agreed that if the court shall find on the facts that plaintiff is entitled in this action to the relief prayed for, and to redeem from taxes, the amount necessary to redeem shall be determined by a commissioner to be appointed by the court, who shall compute the amount necessary to redeem under instructions given by the court, said commissioner to report at the next term. It is further agreed that if either party desire to prosecute an appeal from the decision of the Circuit Court, that this agreed statement of facts, with the exhibits attached thereto, contains all the evidence introduced on the trial in the Circuit Court.

The court decreed "that the defendant, James Mewhirter, have his election to redeem the premises in controversy herein * * * from the amount due under the foreclosure and sale of said premises on execution on the mortgage thereon, executed by Edward Homewood and wife to said plaintiff, * * or to compel plaintiff to redeem from the tax sale of said lands to J A. Brown, and that defendant enter his election

with the clerk of this court within thirty days from the rising of court; and if he elect to redeem from said mortgage, that he have until the first day of the next term of this court to make such redemption, and if he elect to require plaintiff to redeem from said tax sale, then and in that event, the court hereby appoints S. W. McEldery, Esq., commissioner to determine the amount required to redeem therefrom, and that said commissioner report the same by the next term of this court."

I. Section 892 of the Code, is as follows: "If real property of any minor or lunatic is sold for taxes, the same may

<span style="margin-note">1. GUARDIAN: lands of ward: redemption: tax sale.</span> be redeemed at any time within one year after such disability is removed, in the manner specified in the following section, or such redemption may be made by the guardian or legal representative under section 890, at any time before the delivery of the deed." Appellant insists that this action to redeem is brought by the guardian, and that section 892 authorizes a guardian to redeem *at any time before the delivery of the deed*, which, by implication, denies him the right to redeem after the delivery of the deed. Appellant cites and relies upon *Pearson v. Robinson*, 44 Iowa, 413. A little attention to the sections in question, will render the error of appellant apparent Section 890 of the Code provides that redemption may be effected by payment of the amount necessary to redeem to the county auditor. Under section 892 the real property of a minor or lunatic may be redeemed at any time within one year after the disability is removed, but to effect such redemption an equitable action must be brought in a court of record, as provided in section 893, except that the guardian or legal representative may, at any time before the delivery of the deed redeem under section 890 of the Code, by payment to the county auditor. The latter part of section 892 does not limit the time within which the guardian may redeem to the execution of the deed, but simply provides that before the execution of the deed he may redeem by

payment to the county auditor. After the execution of the deed he may redeem by an equitable action as provided in section 893. That this is the true construction of section 892 cannot, we think, be questioned.

II. It is claimed, however, that at the date of the tax sale in question, the minor had not such an interest in the real estate in question as would entitle him, or his guardian on his behalf, to redeem. From the exhibits attached to the agreed statement of facts, it appeares that the court ordered the guardian to sell the lands in question for one-third cash, and the balance in six and nine months, secured by mortgage on the real estate sold. In accordance with this order the guardian sold the lands to Edward Homewood, and took from him and his wife a mortgage thereon, dated June 2, 1873, to secure the deferred payments amounting to $2,129.60. This mortgage was to Marilda W. Decon, guardian, and is conditioned for the payment to Marilda W. Decon, guardian, of the sum secured. After the sale to Homewood and the execution of this mortgage, on the 3d day of November, 1873, the land in question was sold to J. A. Brown, for the delinquent taxes of 1872. Now, whilst the mortgage was executed to Marilda W. Decon, guardian, it is apparent from all the facts admitted in the case that she held the mortgage simply in trust for her ward, Alvin Witt. If the guardian had died insolvent, it is apparent, we think, that her creditors could not have subjected this mortgage to the payment of her debts, simply for the reason that the beneficial interest therein belonged to her ward. In *Rice v. Nelson*, 27 Iowa, 148, it is said " that any right, whether in law or equity, whether perfect or inchoate, whether in possession or action, amounts to ownership in the land, and that a charge or lien upon it constitutes the person claiming it an owner, so far as it is necessary to give him the right to redeem." And in *Burton v. Hintrayer*, 18 Iowa, 348, it was determined "that the same interest which, if held by an adult, would

give him the right to redeem within three years, will, if held by a minor, give such minor the right to redeem at any time within one year after removal of the disability." In *Burton v. Hintrager*, it was held the heir of the mortgagee, who was a minor at the time of the tax sale, had such an interest in land as entitled him to redeem. This case disposes fully of the position of the appellant, that the interest of a mortgagee is not such an interest in land as will entitle him to redeem, and, holds that, whilst in the case of the death of the mortgagee, the mortgage passes to the executor or administrator, and not to the heir, still the administrator does not take it in his own right, but holds it in his fiduciary capacity, and in trust for the heir, who is in equity, in the absence of creditors, entitled to it. We entertain no doubt that the interest of the minor in the property in question is of such a character as to entitle him, or his guardian, on his behalf, to redeem.

III. It is claimed, however, that this action is prematurely brought, and that the right of redemption can be exercised

3. ———: action to redeem: when brought.

under section 892, only after the disability has been removed, and within one year from that time. In our opinion section 892 does not limit the time within which the right of redemption attaches, but prescribes the period of its duration. In *Burton v. Hintrager*, 18 Iowa, 348; *Tallman v. Cooke*, 39 Iowa, 402; and *Lloyd v. Bunce*, 41 Iowa, 660, the right of redemption was allowed to parties still minors.

IV. It is insisted that the court erred in requiring the defendant to redeem from the plaintiff because he did not ask, in

4. MORTGAGE: holders of tax title: redemption.

his answer, that he be allowed to redeem, and if this order is not erroneous, the court erred in requiring the defendant to redeem from the foreclosure and sale, and not simply from the mortgage. The position of appellant seems to be that as he was not made a party to the foreclosure proceeding, he may, in his own time, bring an action to redeem from the mortgage. But the de-

Witt v. Mewhirter.

fendant did not acquire his title under the mortgage, or any grantor of the mortgagor. His title comes from an independant source, and, if valid, vests in him the title of the minor, and of the mortgagor, and of every one else interested in the property. He was not a necessary nor a proper party to the foreclosure proceeding. He was under no obligation to redeem from the mortgage to protect his title, nor had he any right to so redeem. If the minor has no right to redeem from him, his title is absolute. If the minor has a right to redeem, he must submit to that right, and he cannot defeat it by redeeming from the minor. It follows that the court erred in allowing the defendant the election to redeem from plaintiff. The error, however, is to the prejudice of plaintiff, and not of defendant. As the plaintiff has not appealed, this error cannot now be corrected. But, as the defendant did not elect to redeem within the time limited in the decree of the court, we are of opinion that under the state of the record, the time for election should not be extended.

The cause will be remanded to the court below, with direction to deny to defendant any extension of the period within which to make his election to redeem, and to determine the amount which plaintiff shall pay to effect redemption, as contemplated in the original decree.

AFFIRMED.