## HARDING v. VAUGHN et al.

(Circuit Court, S. D. Iowa, C. D.   December 3, 1888.)

1. TAXATION—REDEMPTION—INFANCY—BURDEN OF PROOF.
   In a suit by a minor to redeem land from tax deed under Code Iowa, § 892, allowing a minor to redeem at any time within one year after attaining majority, the burden of proof is upon complainant to show that he owned the land at the date of the tax sale.

2. SAME—PLEADING AND PROOF.
   Where the bill alleges that complainant became the owner by purchase from his father and mother on or about a certain date, evidence tending to show that he acquired title by purchase from another person more than a year before the date pleaded, cannot be considered.

3. SAME—EVIDENCE—SUFFICIENCY.
   A deed to complainant from his father and mother, dated before the tax sale, but having an undated acknowledgment, and not recorded till long after the tax deed was given, is not sufficient proof of title in complainant at the time of the tax sale, in the absence of any proof as to when the deed was signed, or that it was ever delivered.

In Equity.   On final hearing.

Bill of George F. Harding, a minor, by Adelaide M. Harding, his next friend, against Wesley Vaughn and J. D. Williams, to redeem land from tax sale.

Charles L. Bailey and Cole, McVey & Clarke, for complainant.
Berryhill & Henry, for defendants.

SHIRAS, J.   On the 1st Monday in October, 1876, the E. ½ of the S. E. ¼ of section 14, township 82 N., of range 33 W. of the Fifth P. M.

was duly sold for the delinquent taxes then due thereon by the treasurer of Carroll county, Iowa, and on the 27th of April, 1880, a proper treasurer's deed was executed to John D. Williams, the holder of the certificate of purchase; no redemption having been then made from such sale. On the 11th of September, 1883, said Williams, by warranty deed, conveyed the premises to Wesley Vaughn for a valuable consideration, who has since then been in possession of the land. At the April term, 1885, of the district court of Carroll county George F. Harding, by his next friend, filed a petition to redeem said premises from such tax sale and deed under the provisions of section 893 of the Code of Iowa, it being averred in said petition that said Harding was then a minor; that he was the owner in fee-simple of said realty at the date of the tax sale, having become the owner thereof by purchase on or about the 14th day of December, 1874; and that he was therefore entitled to redeem said premises by the express provisions of section 892 of the Code of Iowa. At the same term of said Carroll county court, an amendment to the petition was filed, in which it was averred that George F. Harding became the owner of the land on or about the 1st day of January, 1876, by a deed bearing that date, executed by his father and mother. Subsequently the case was removed into this court, and thereupon the pleadings were reformed, and the complainant averred in his bill "that he became the owner of said real estate by purchase on the 1st day of January, 1876, by conveyance made on that day to him by George F. Harding, Sr., and Adelaide M. Harding, the father and mother of your orator, as will appear by copy of deed annexed hereto, and made part hereof." That the statute of Iowa confers upon a minor the right to redeem his property from tax sale at any time within one year after reaching his majority is not questioned, nor that this right of redemption exists only as to property which belonged to the minor at the date of the tax sale. *Burton* v. *Hindrager*, 18 Iowa, 348. The question in dispute in the present case is whether the complainant has shown by sufficient evidence that he was in fact the owner of the premises at the date of the tax sale in October, 1876.

It appears from the evidence in the case that the father of the complainant bears the same name, *i. e.*, George F. Harding; that on the 14th of December, 1874, Charles M. Harris and wife conveyed the land by warranty deed to George F. Harding; and thus it might become a question whether the grantee in the deed was the father or the son. Upon the oral argument of the case it was stated by the court that the evidence of the father tended to show that the original purchase from Harris was on behalf of the son, and the execution of the deed dated January 1, 1876, and signed by the father and mother was merely to clear up the ambiguity arising from the fact that the father and son bear the same name; and that this evidence, being uncontradicted, would justify the conclusion that the son became the owner of the property in 1874 by purchase from Harris. Further consideration of the evidence, however, shows that this conclusion is not sustained under the facts appearing upon the record. In the bill upon which complainant relies for relief, it is

expressly averred that complainant became the owner by purchase on or about January 1, 1876, by a deed executed by the father and mother to him. This statement upon the record is of course evidence of the highest character against the party pleading it, and the defendants have the right to rely upon the issue as thus made by the complainant himself. It must therefore be held to be true that up to the date named the complainant was not the owner of the property. Did he become the owner thereof on or about January 1, 1876, or at any time before the date of the tax sale in October, 1876 The deed signed by the father and mother of complainant bears date January 1, 1876. When was it executed and delivered? The acknowledgment thereto is signed by a notary, but the blanks for the date are not filled out; so it cannot be known from the face of the deed when it was acknowledged. The notary whose name is attached to the acknowledgment is dead, and the deed was not placed upon record until 1882, more than six years after its date. · The deed itself, therefore, throws no light upon the question of the time of its delivery. The testimony of the father was taken, but no information is given us thereby as to the mode or time of the delivery of the deed; nor does he testify that the deed was signed on the day it bears date. The facts disclosed on the record and in the evidence bring the case squarely within the ruling of the supreme court of Iowa in *Walker* v. *Sargent*, 47 Iowa, 448, in which the plaintiff, who was a minor at the date of the tax sale, sought to redeem land from a tax sale, and as evidence of his title relied upon a deed from his father, dated April 29, 1861. The court held that "in this case the deed, being without acknowledgment, may have been executed after the land was sold ·for taxes. The plaintiff's father, the grantor of the property, was introduced as a witness. He testifies that he executed a deed to Henry Winston Walker for the land, together with other lands, dated April 29, 1861; but he does not testify that the deed was ever delivered to plaintiff, or to his grandfather and guardian. * * * If the deed was in fact delivered at the time it bears date, or even before the tax sale in question, how easily that fact could have been proved by the plaintiff's father and grandfather. The silence of the father, although a witness, both as to the time of execution and the delivery of the deed, tends strongly to create the impression that it was executed long after the time it bears date, for the purpose of showing title at the time of sale in a minor, who, under our statute, (section 892, Code,) may redeem within one year after attaining his majority. If the simple production from the custody of the guardian of a minor, who is a near relative, of an unacknowledged conveyance makes out a *prima ficie* case of ownership in the minor, entitling him to redeem from a tax sale after attaining his majority there is an end of all security for purchasers at tax sales. It is apparent that such a construction would open wide the door to fraud, through which many would eagerly pass." In the case now under consideration the burden is upon complainant of showing that he was the actual owner of the premises at the date of the tax sale in October, 1876. As already stated, he avers in his bill that he became the owner of the realty in January, 1876, by deed· exe-

cuted by his father and mother. The burden is upon him of showing the time of the execution and delivery of this deed, for until the delivery thereof the title did not vest in him. The original deed is lost, and a copy from the record is produced. The acknowledgment thereto is not dated, and it was not filed for record until April 20, 1885. There is not any testimony even tending to show when it was delivered, unless the recording thereof be deemed to be evidence of delivery; and, if weight be given to that, it would not help complainant, as that would show the delivery to have taken place in 1882. The grantors in the deed, who are the father and mother of the complainant, do not testify that the deed ever was delivered, nor that it was actually signed on the date it bears date. Under these circumstances, it must be held that complainant has failed to prove that he was the owner of the premises in dispute at the date of the sale thereof for taxes, and consequently he has failed to establish a right to redeem. The bill must therefore be dismissed on the merits, and it is so ordered.