Stewart, J.
The action in this case was commenced before a justice of the peace, to recover under the provisions of Rev. Stats. § 7014.
Upon the trial before the justice of the peace, the defendant did not appear, and judgment was rendered in favor of plaintiff for the full amount of his claim.
Within the time prescribed by law, the defendant put in an appeal bond, and duly filed his transcript in the court of common pleas. In that court the plaintiff filed a motion to strike the transcript and papers from the files, and dismiss the appeal on the ground that the same was taken without *584 any authority of law therefor. This motion was overruled by the court, and the overruling of this motion is the first error assigned.
By this motion is presented the question whether an appeal can be taken from a judgment by default before a justice of the peace. It is claimed by the plaintiff in error that the provisions of the statute regulating appeals from justices of the peace support his claim. Those provisions are found in Rev. Stats. § 6583.
“ In all cases not otherwise specially provided for by law, either party may appeal from a final judgment of any justice of the peace, to the court of common pleas of the county where the judgment was rendered.”
Cases are cited to us from other states having statutes substantially similar to ours, which uphold the claim of the plaintiff in error; 7 Neb. 474 ; 16 Iowa 44 ;* but we think the holding of our own courts, while not directly decisive of this question, furnishes us authority for affirming the judgment of the court below upon this branch of the case.
It is claimed for the plaintiff in error, that the words “otherwise specially provided for by law,” mean otherwise than by appeal, and that § 6578 providing for setting aside a judgment rendered in the absence of the defendant, furnishes an adequate and the only remedy for a defendant in such cases.
In the case of Wood v. O'Ferrell, 19 Ohio St. 427, while the question is not decided or made, the practice seems to be recognized that a judgment by default before a justice of the peace may be appealed from.
In the case of Perkins v. White, 36 Ohio St. 530, at page 543, Mcllvaine, J., says:
“Section 111 of the act of March 14, 1853, provides: ‘In all cases not otherwise (specially) provided for by law, either party may appeal, etc.’ And by section 123 it was ‘ otherwise specially provided by law,’ that appeals in the following cases shall not be allowed.”
This, we think, is an interpretation placed upon these words by a careful and able judge, and in his opinion they meant cases in which an appeal was not denied. The section referred to is not the only section denying the right of appeal, and *585 in Vogel v. Haffy, 29 Ohio St. 440, another statute, § 6562 (old § 90) is referred to as a section regulating and denying in some cases the right of appeal, as a section where it is otherwise provided. But it is said that the section of the statute (Rev. Stats. § 6576) referred to in Ferrall v. Bluffton Lodge, 31 Ohio St. 465, is not one regulating appeals, and yet it is referred to in the decision of the case as “ otherwise specially providing for cases.” In -this case the right of appeal was denied, because the judgments rendered were not final judgments, and hence not appealable, and that is all that can be claimed for that decision.
Indeed we think the reasoning of the cases cited by counsel for plaintiff in error is not convincing; if the judgment rendered by default is set aside, and, upon a trial, another judgment is rendered for the plaintiff, it can not be denied that an appeal can be taken. It is not intended in cases like the one at bar that the judgment of the justice of the peace should be final, nor is it required that a defendant should go to the expense of two trials to vindicate the dignity of the justice of the peace. It is true that the right to an appeal is statutory, but if that right is conferred it is only necessary that there should be a final judgment in order that the appeal may be taken. This statute gives the appeal in the broadest terms from all final judgments and it must appear clearly that by some other provision of the statute the right is taken away or it will lie.
But if the right were doubtful we think that the practice of-the bar of the state during the many years since the enactment of the statute should have great weight in the determination of the question. The practice in this regard is uniform, and the opinion of the bar has universally been that an appeal will lie in such cases, and adapting the language of the court in Dutoit v. Doyle, 16 Ohio St. 409, 407 to this case, we say: “This statute has now been in operation for many years, and we are much mistaken if the construction claimed by the plaintiff in error is not entirely new. Many cases for its application must have arisen annually in the state, and for obvious reasons a construction received and acted upon generally by the courts and bar of the state for so many years, should not be lightly changed.”
*586 This leaves then the additional questions as to the ruling of the court below upon the admission and rejection of the testimony and the charge as given and the refusal to charge.
Although made in different forms there is really but one question here, and that is as to the proper construction to be put on, Rev. Stats'., sec. 7014, which reads as follows :
“ Whoever assigns or transfers any claim for debt against a resident of this state for the purpose of having the same collected by proceedings in attachment in courts outside of this state, or whoever, with intent to deprive a resident of this state of a right to have his personal earnings exempt from application to the payments of his debts, sends out of this state any claim for debt against such person for the purpose aforesaid, where the creditor and debtor and the person or corporation owing the money intended to be reached by such proceedings are within the jurisdiction of the courts of this state, shall be fined not more than fifty nor less than twenty dollars; and the person whose personal earnings are so attached shall have a right of action, before any court of this state having jurisdiction, to recover the amount attached and any costs paid by him in such attachment proceedings, either from the person so assigning, transferring or sending such claim out of this state to be collected as as aforesaid, or the person to whom such claim is assigned, tranferred or sent as aforesaid, or both, at the option of the person bringing such suit. The assignment, transfer or sending of such claim to a person not a resident of this state, and the commencement of such proceedings in attachment shall be considered prima facie evidence of a violation of this section.”
From_the reading of this statute it appears that it is a penal statute and therefore according to the canons of construction must be construed strictly and cannot be extended beyond the terms used to cover cases falling within their spirit and of equal atrocity.” Turner v. State, 1 Ohio St. 422, 424.
Three limitations or prohibitions appear in this statute, viz: assigning, transfering, sending; and any act of a creditor coming within these prohibitions is forbidden. It appears from the evidence in this case that the defendant sold his claim against the plaintiff to a resident of West Virginia, and *587 that soon afterwards the vendee collected the same by attachment. It is fairly to be inferred from the evidence that the defendant knew that the claim would be collected by attachment, but he says he had no interest in it. It may have been the intention of the legislature to forbid the.safe of claims against a resident of Ohio to a non-resident where the vendor knew that the claim was to be collected by process of garnishment, but it seems to us that if they did, they have failed to incorporate any such provision into the statute. Construing this statute strictly as we must, a transfer, assignment or sending for the purpose of collection, is quite different from a sale with knowledge that it will be so collected by the vendee. For myself, I think, that this case, illustrates how as great a wrong may be perpetrated upon the debtor, as any forbidden by the statute, by simply avoiding the letter of the statute. The remedy however for a case of this kind lies in an appeal to the legislature and not to the courts.
J. J. Chester, Johnson and Bigger, for plaintiff.
J. V. Lee, for defendant.
Thus viewing the statute, it seems to us that the court below did not err, and the judgment will therefore be affirmed with costs.