MARTHA J. BEMIS, *et al*, Appellants, v. O. PLATO, Appellee.

**Taxation:** TAX DEED: WHEN AGENT MAY ACQUIRE TITLE. A valid
1   title to land may be acquired under a tax deed by one who represented a former owner as agent for the payment of taxes, where it appears the agency did not exist at the date the tax for which the land was sold matured, or at the time he acquired title and where the sale was made through no fault of his.

**Evidence:** FAILURE OF PROOF. Where the right to possession of
2   land is based upon a proceeding in justice court which is denied, except the institution of the suit, and on a deed the result of such proceeding, and the claimant fails to produce the record of the justice or the deed, there is a failure in the burden of proof.

**Same:** STATUTE OF LIMITATIONS: Evidence considered and held
3   that defendant owed no duty to plaintiff respecting payment of taxes which would preclude him from acquiring title under a tax deed; and held further that plaintiff's action was barred.

**Right of Minor to Redeem From Tax Sale.** A minor, whose in-
4   terest in land is sold for taxes, may redeem from such sale at any time within one year after he becomes of age, under Code section 1440.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

FRIDAY, JANUARY 23, 1903.

SUIT in equity to set aside a tax deed, to redeem,. to quiet the title of certain lands in plaintiff, and for an. accounting. Trial to the court, decree for defendant, and: plaintiffs appeal.—*Reversed* in part.

No argument for appellee.

*C. L. Joy* for appellants.

DEEMER, J.—Plaintiffs are the widow and heirs at law of Alexander Bemis, deceased, who died in Woodbury county, Iowa, December 23, 1869, seized of the land in controversy. Plaintiff and her children lived upon the land for about two years, and until some time in the year of 1872, after the death of her husband, when they left it, and moved to Linn county, Kansas. On leaving this state she placed the lands with defendant Plato as her agent. In 1874 a controversy arose between plaintiff (the widow) and defendant, and defendant was discharged as such agent, and plaintiff rented the land to one Edwards. There is a conflict in the evidence relating to payment and settlement of rents received by Plato, to which we shall hereafter give attention. On November 9, 1874, one McNeil acquired a tax deed for the premises, pursuant to a sale held on the 2d day of October, 1871, for the taxes of the years 1869 and 1870; and on November 10, 1874, McNeil conveyed the land by quit claim deed to W. B. Livermore. Livermore conveyed the land by quitclaim deed to defendant Plato on May 24, 1875, and Plato is now in possession under this deed.

I. One contention made by plaintiffs is that as Plato was their agent for the payment of taxes, etc., he could not acquire title to the land through a tax deed or otherwise, and that this quitclaim deed should therefore be set aside as fraudulent and void. It will be noticed from the statement heretofore made that Plato was not an agent for the land when the taxes for which it was sold matured, and that he had

1.. TAX deed: when agent may acquire title.

been discharged as such agent when he obtained his deed. But it is said that, on account of his relation to plaintiffs, he could not obtain title even after his agency ceased, and that, as a matter of fact, plaintiffs obtained possession of the land through an action before a justice of the peace against Livermore, of which defendant had notice, and that plaintiffs' title is on that account good, and paramount to any claim of defendant. The evidence shows, however, that Plato informed plaintiff as to the sale of the land for taxes, and informed her of her rights, and that plaintiff Martha J. Bemis then said she would attend to the matter herself. As the taxes for which the land was sold matured before defendant was appointed agent, it is doubtful if he had the right to pay them, in the absence of express authority, and this is not shown; but however this may be, there is no doubt that plaintiff was informed of the situation, and undertook to manage the affair for herself. The land went to tax deed through no fault of the defendant, and there is no doubt that McNeil obtained good title through his tax deed, and that he conveyed good title to Livermore, and that Livermore conveyed the same to defendant.

As to the action before the justice of the peace against Livermore, the record of the justice is not before us, and while plaintiff testifies that she had such a suit; that through it she dispossessed Livermore, and paid him for his interest in the land, and that he made what was supposed to be a quitclaim deed to the heirs, and let her have possession of the land again,—all this, save that an action was brought, was denied by defendant and Livermore, who state that the case was dropped or dismissed because title to the land was involved, and that nothing was paid Livermore for his interest in the land by any of the plaintiffs. As plaintiffs do not produce the record of the justice of the peace, and fail to.

2. EVIDENCE: failure of proof.

show a quitclaim deed from Livermore, as claimed, they have not met the burden imposed upon them by law, and their claim, in so far as it is based on the action before the justice of the peace, must fail.

II. The question remains, is defendant inhibited from taking title to the land because he was at one time the agent of the plaintiffs? He was, as we have seen, under no duty, in the absence of express authority, to pay taxes which had matured against the land prior to his appointment as agent. But if he was charged with such a duty, plaintiff relieved him therefrom, when she took the matter out of his hands after being informed of the tax sale; and if she allowed the sale to go to deed, and thus lost the title, we see no good reason for holding that the agent might not, after his discharge, acquire title to the land. Defendant could not, of course, take any advantage of his relation of agent to plaintiff, and, if he were bound to pay the taxes, could not, by indirection, obtain a title based on his own fault. But neither of these things appear. This statement made by one of the witnesses is all there is in the record regarding plaintiff's possession after 1872: "I cannot say for certain, but think Mrs. Bemis lived upon the cultivated portion of the land in 1876." True, Mrs. Bemis says in her evidence, in a general way, that she dispossessed Livermore, and that he let her have possession; but she does not say when this was, or when she brought her action before the justice. · Livermore says he did not surrender the possession of the property to the plaintiff, and defendant says there was no settlement, and that at the time he was acting as Livermore's attorney. But if it be assumed that defendant could not obtain title by reason of his agency, plaintiff's action on this ground is barred by section 1448 of the Code, which provides that such actions shall be brought within five years from the execution and recording of the tax deed. *Waggoner v. Mann*, 83 Iowa, 17.

3. SAME:
statute of
limitations.

This in itself disposes of the main question in the case, and leaves but one further point for consideration: At the time McNeil acquired his tax title, John A. Bemis, **4. Right of minor to redeem from tax sale.** one of Alexander's heirs, was a minor. He attained his majority September 21, 1890. This action was commenced August 13, 1891, and is, among other things, to redeem from the tax sale. John A. Bemis was the owner of an undivided two-ninths of the land, and on account of his minority was entitled to redeem the land at any time within one year after this disability was removed. Code, section 1439. This action, as will be noticed, was commenced within the year, and we see no reason why he (John A. Bemis) is not entitled to make equitable redemption, as provided in section 1440 of the Code. The record does not contain sufficient data to enable us to determine how much he should pay in order to effect a redemption. There is no showing as to the amount of taxes paid, or of any other of the material items necessary to a computation of the sum to which defendant is entitled; hence the case must be remanded to the trial court, in order that these matters may be shown. The decree as to all the plaintiffs except John A. Bemis is affirmed, but as to him the case must be reversed, and the cause remanded for an accounting and determination of the amount he shall pay, if anything, in order to redeem his interest in the property from the tax sale. Plaintiff has failed to show the amount of rents collected by defendant while acting as her agent, and, even if it be conceded that he made no settlement thereof, as claimed by him, there is not sufficient evidence to justify a finding that he should account to plaintiffs therefor. Plaintiffs will pay three-fourths and defendant one-fourth of the costs of this appeal.

The result is that the case must be REVERSED in part and AFFIRMED in part.