# IN THE COURT OF APPEALS OF IOWA

No. 3-1224 / 13-0849
Filed April 30, 2014


**DIEGO FIRESTONE, as Next of Kin for**
**Desmen Bagnall,**
    Plaintiff-Appellee,

**vs.**

**TF 13,**
    Defendant-Appellant,

**and**

**JCG LAND SERVICES, INC.,**
    Intervenor.
_____

Appeal from the Iowa District Court for Marshall County, Dale E. Ruigh,

Judge.


The defendant appeals from the district court's declaratory judgment

regarding the plaintiff's redemption rights.  **AFFIRMED.**


Michael D. Ensley of Dickinson, Mackaman, Tyler & Hagen, P.C., Des

Moines, for appellant.

Darrell G. Meyer, Marshalltown, for appellee.

James Nervig, West Des Moines, for intervenor.


Heard by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

We must decide whether a minor's right to redeem a house sold at a tax sale was barred by the doctrines of issue and claim preclusion.

## I.   *Background Facts and Proceedings*

TF 13 purchased a Marshalltown house at a tax sale. *See* Iowa Code § 446.7 (2011) (authorizing the county treasurer to offer at public sale parcels of land on which taxes are delinquent). A child, Desmen Bagnall, held title to the house. In time, TF 13 sent ninety-day redemption notices to Bagnall and "persons in possession" of the property. *See id.* § 447.9 (authorizing the certificate holder to serve notice that "the right of redemption will expire and a deed for the parcel be made unless redemption is made within ninety days from the completed service of the notice"). No action was taken in response to the notices, and the county treasurer issued TF 13 a tax deed. *See id.* § 448.1 (authorizing the county treasurer upon expiration of the ninety day period to "make out a deed for each parcel sold and unredeemed upon the return of the certificate of purchase and payment of the appropriate date and recording fees by the purchaser"); *see also Dohrn v. Mooring Tax Asset Group, L.L.C.*, 743 N.W.2d 857, 860 (Iowa 2008).

After the deed was issued, a tenant at the house, Joyce Carmer, filed a petition asserting her right of redemption and challenging the sufficiency of the ninety-day redemption notice mailed by TF 13. Bagnall's father, Diego Firestone, was identified as a party in interest in that proceeding.[1] TF 13 moved for

---

[1] Firestone was originally named Darrell Bagnall but changed his name to Diego Firestone.

summary judgment, which Carmer and Firestone resisted, in part on the ground that Bagnall was a minor whose right of redemption had not lapsed and would not lapse until he turned nineteen years old. *See* Iowa Code § 447.7.[2] The district court granted TF 13's motion. The court characterized the "narrow" issue presented as "whether [TF 13] complied with the notice provisions of Iowa Code section 447.9 thereby extinguishing petitioner's right of redemption following tax sale." The court identified Carmer's "sole complaint" as an assertion that "she occupies the upper level of the house located on the subject property, and the posting was given not to her by name but to 'persons in possession' and simply mailed to the address of the subject property without further designation of 'upper' or 'lower' unit." The court determined there was "no showing that there are two addresses for purposes of mail delivery." Based on that determination, the court concluded TF 13 properly served Carmer, her "rights of redemption are terminated," and "[t]he validity of the tax title is conclusively established as a matter of law." The court did not address Bagnall's right of redemption.

Carmer appealed. Meanwhile, Firestone filed a petition seeking a declaration of his minor son's right of redemption under Iowa Code section 447.7. He also sought a limited remand of the *Carmer* appeal to allow the district court to rule on his son's redemption rights. The Iowa Supreme Court denied the request and this court summarily affirmed the district court's summary judgment

---

[2] That provision states:

> If a parcel of a minor or person of unsound mind is sold at tax sale, it may be redeemed at any time within one year after the disability is removed, in the manner specified in section 447.8, or redemption may be made by the guardian or legal representative under sections 447.1 and 447.3 at any time before the delivery of the treasurer's deed.

Iowa Code § 447.7.

ruling in the *Carmer* litigation. *See Carmer v. TF 13*, No. 11-1928, 2012 WL 3590726, at *1 (Iowa Ct. App. Aug. 22, 2012).

Back in the district court, Firestone's pending petition was construed as a request for declaratory judgment and was tried to the court on stipulated facts. The legal issues facing the court were (1) whether the doctrines of issue and claim preclusion barred Bagnall's right of redemption and (2) the duration of Bagnall's redemption rights. The district court concluded that the *Carmer* litigation did not preclude Bagnall's assertion of his redemption rights. The court declared that "Desmen Bagnall continues to have the right of redemption under Iowa Code section 447.7 until he attains the age of 19 years."

## II.    Analysis

On appeal, TF 13 contends the district court should not have granted Bagnall declaratory relief because (1) "issue and claim preclusion prohibit Desmen Bagnall from exercising his redemption right under Iowa Code section 447.7" and (2) "principles of equity and unclean hands prohibit Desmen Bagnall from exercising his redemption right under Iowa Code section 447.7." The district court declined to address the second issue in light of "the stipulated facts and the clear language of section 447.7." TF 13 did not file a posttrial motion for a ruling on this issue. Accordingly, error was not preserved. *See Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006) ("If there are alternative claims or defenses, and the district court does not rule on all alternative claims or defenses, the losing party must file a posttrial motion to preserve error on the claims or defenses not ruled on."); *Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("[T]his court will consider

on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). For that reason, we will only address the first argument.

*A.    Standard of Review*

As a preliminary matter, the parties disagree on our standard of review, with TF 13 arguing it is de novo and Firestone contending our review is for an abuse of discretion.

Our review of decisions on declaratory judgment actions is based on how the matter was tried. *Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006). This declaratory judgment action was filed in equity and sought a declaration that Bagnall had a statutory right to redeem the property up to one year after he became an adult. Ordinarily, our review would be de novo. However, the action was tried on stipulated facts and the first and only argument we consider raised purely legal questions—whether the district court properly applied the principles of issue and claim preclusion. *See Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) (noting "[w]hether the elements of issue preclusion are satisfied is a question of law"); *Stevens v. Casady*, 12 N.W. 803, 804 (Iowa 1882) ("The only question between the parties is one of law, to-wit: Under the facts stated, has [a minor child] a right to redeem a ninth interest in said property?"). For that reason, we review the argument for errors of law. *See Benton v. Slater*, 605 N.W.2d 3, 4-5 (Iowa 2000).

*B.    Issue Preclusion*

TF 13 contends Firestone is precluded from raising his son's right of redemption because the issue was raised in the prior *Carmer* litigation.

"Issue preclusion prevents parties from relitigating in a subsequent action issues raised and resolved in a previous action." *Van Haaften*, 815 N.W.2d at 22 (internal quotation marks omitted).

> The party invoking issue preclusion must establish four elements: (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Id.* (citation and internal quotation marks omitted).

Under the first factor, "[s]imilarity of issues is not sufficient; the issue must be precisely the same." *See In re Leonard, ex rel. Palmer v. Swift,* 656 N.W.2d 132, 147 (Iowa 2003) (citation and internal quotation marks omitted). As mentioned, the district court in the *Carmer* action characterized the issue to be decided as "narrow." The court honed in on the notice provision of Iowa Code section 447.9 and Carmer's assertion that the provision was not satisfied. The court did not discuss Bagnall's right of redemption under section 447.7, the issue that is the crux of the present action. Because the issue decided by the *Carmer* court was not the same as the issue decided in this action, the issue preclusion doctrine is inapplicable.

While our discussion of issue preclusion could end here, we will also address the second factor—raised and litigated. That factor is not satisfied because, although Firestone raised his son's right of redemption in the *Carmer* action, the district court did not decide the issue. *See City of Johnston v. Christenson,* 718 N.W.2d 290, 301 (Iowa 2006) ("The fundamental rationale of collateral estoppel or issue preclusion commands that the doctrine only be

applied to matters that have been actually decided."); *State ex rel. Casas v. Fellmer*, 521 N.W.2d 738, 742 (Iowa 1994) ("It is enough that the issue be conclusively determined in a prior action in which judgment is entered."); *see also* Restatement Second of Judgments § 27 ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, *and is determined*, the issue is actually litigated within the meaning of this Section.") (emphasis added); Restatement Second of Judgments § 27 cmt. g ("[I]f several issues are litigated in an action, and in a subsequent action between the parties, one of the parties relies on the judgment as conclusive of one of the issues, that party must show that the issue was determined by the judgment in the prior action."); *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 572 (Iowa 2006). Firestone did not bring this omission to the court's attention by filing a motion for expanded conclusions under Iowa Rule of Civil Procedure 1.904(2). *See Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802, 809 (Iowa 2011). While he sought a limited remand of the *Carmer* appeal to have the issue addressed, that request was denied. Because Bagnall's right of redemption was not determined at any stage of the *Carmer* litigation, TF 13 could not invoke the doctrine of issue preclusion to prevent litigation of the issue in the declaratory judgment action.

In reaching this conclusion, we have considered the district court's broad statement in the *Carmer* summary judgment ruling that "[t]he validity of the tax title is conclusively established as a matter of law." The statement cannot be read as an implicit resolution of Bagnall's right of redemption, given the court's caveat that only Carmer's "rights of redemption" were "terminated." Notably, the

statutorily prescribed tax deed form states that the tax deed holder's rights are subject "to all the rights of redemption provided by law." Iowa Code § 448.2. This language suggests that redemption rights may survive the issuance of a tax deed.

We find it unnecessary to address the remaining requirements of the issue preclusion doctrine.

*C.      Claim Preclusion*

"The general rule of claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011).

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.* The focus here is on the third factor—whether the claim in the second suit could have been fully and fairly adjudicated in the prior case.

To answer that question, we must examine "(1) the protected right, (2) the alleged wrong, and (3) the relevant evidence." *Id.* at 837. The protected right in each action is different. The first action addressed the tenant's right of redemption, whereas the second addressed the title-holder's right of redemption. The alleged wrong is also different. Carmer contended she did not receive proper notice of her redemption right; Firestone asserted his minor son retains his statutory right of redemption until one year after he becomes an adult. Finally, the relevant evidence is different. In *Carmer*, the court considered the

mailing address of the house; in this action, Firestone contends his son's age is the only pertinent fact. We conclude that, although these actions involve rights of redemption to the same property, the causes of action are different. *See id.* ("[W]e carefully distinguish between two cases involving the same cause of action—where claim preclusion bars initiation of the second suit—and two cases involving related causes of action—where claim preclusion does not bar initiation of the second suit."). For that reason, we conclude the doctrine of claim preclusion did not prevent Firestone from litigating the question of his son's redemption rights.[3]

*III.    Declaratory Judgment*

We are left with the district court's declaration that Bagnall "continues to have a right of redemption under Iowa Code section 447.7 until he attains the age of 19 years." TF 13's appellate brief does not raise a challenge to the legality of this declaration. *See* Iowa Code §447.7 ("If a parcel of a minor or person of unsound mind is sold at tax sale, it may be redeemed at any time within one year after the disability is removed . . . ."); *Bemis v. Plato*, 93 N.W. 83, 84 (Iowa 1903) (stating a tax deed acquired in 1874 was subject to a minor's right of redemption asserted in 1891); John Bordeaux et al*., Persons Under Legal Disability, Sale of Land for Nonpayment of Taxes*, 72 Am. Jur. 2d. § 904 ("An exception to the general rule that the redemption of property sold at a tax

---

[3] At oral argument, TF 13 attempted to raise a new basis for issue and claim preclusion. Counsel asserted that the *Carmer* litigation addressed section 447.9, which incorporates section 447.8, a provision that is also incorporated by reference in the minor redemption statute, section 447.7. This argument was not made in TF 13's appellate brief and, accordingly, was waived. *See Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 479-80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court.") (citing *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983) ("[I]ssues are deemed waived or abandoned when they are not stated on appeal by brief.")).

sale may occur anytime before the execution of the tax deed by the county treasurer allows landowners who are minors or incapacitated under a disability to redeem from a tax sale any property within one year after the expiration of such disability."). Accordingly, we affirm that declaration.

What remains to be determined is the procedure for exercise of Bagnall's redemption rights, an issue that was raised by Firestone but was not decided by the district court and has not been briefed by the parties. *See* Iowa Code § 447.7 (specifying redemption is to be made "*in the manner specified in section 447.8*" where redemption is after delivery of the deed (emphasis added)); *Witt v. Mewhirter*, 10 N.W. 890, 891 (1881) (stating "after the execution of the deed [a minor] may redeem by an equitable action, as provided in [Iowa Code] section 893 [(1873)]."[4]); *see also* Iowa Code §§ 447.8(1)(b) ("In order to establish the right to redeem, the person maintaining the action shall be required to prove to the court either that the person maintaining the action or a predecessor in interest was not properly served with notice in accordance with the requirements of sections 447.9 through 447.12, or that the person maintaining the action or a predecessor in interest acquired an interest in or possession of the parcel during

---

[4] Section 893 (1873), the predecessor to the Code's current section 447.8, stated:

> Any person entitled to redeem lands sold for taxes after the delivery of the deed, shall redeem the same by an equitable action in a court of record, in which all persons claiming an interest in the land derived from the tax sale, as shown by the record, shall be made defendants, and the court shall determine the rights, claims, and interest of the several parties, including liens for taxes and claims for improvements made on the land by the person claiming under the tax title. And no person shall be allowed to redeem land sold for taxes in any other manner after the service of the notice provided for by the next section, and the execution and delivery of the treasurer's deed.

This provision broadly authorized the filing of an equitable action by persons entitled to redeem. In contrast, section 447.8 contains several provisos to the filing of an equitable action.

the ninety-day redemption period . . . .  A person is not allowed to redeem a parcel sold for delinquent taxes in any other manner after the execution and delivery of the treasurer's deed."); 447.8(3) ("If the court determines that notice was properly served, the court shall enter judgment holding that all rights and redemption are terminated and that the validity of the tax title or purported tax title is conclusively established as a matter of law.").  This opinion does not preclude the parties from litigating that issue.

**AFFIRMED.**