## McCormack *versus* Russell.

Where a sale of unseated lands for non-payment of taxes is made in the lifetime of the owner, who dies before the time of redemption has passed, leaving minor heirs, the title of the purchaser is complete after the expiration of the two years without redemption.

The death of the owner subsequent to the sale will not enlarge the time for redemption beyond the two years allowed by the Act of 1815.

ERROR to the Common Pleas of *Warren county*.

This was an application by defendant below to open a judgment entered upon a bond, and be let into a defence. The consideration upon which the bond was given, was the conveyance by plaintiff to the defendant below of a tract of land, with special warranty, on the 22d November, 1853. The plaintiff claimed title through a treasurer's deed to A. H. Ludlow, under a sale of the land for taxes on the 12th June, 1848; on the 3d May, 1852, Ludlow conveyed to the plaintiff, who conveyed to the defendant below, as above stated, for the consideration of $1500, for part of which a judgment-bond was given and judgment entered for $1445.

The title to the land at the time of the treasurer's sale, June 12, 1848, was in John Newton, who died intestate on the 26th September, 1848, leaving several minor children, heirs, that are still living, and under age.

On affidavit of the above facts the judgment was opened, and verdict for plaintiffs. The only question considered in this Court was whether the heirs of Newton had the right to redeem the land.

*Johnson* and *Brown* cited *Purdon* 825, 4th section Act of 1815, and 30th section Act of 26th April, 1840, and Sidle *v.* Waters, 5 *Watts* 389; Ley *v.* Huber, 3 *Watts* 367. If the owner at the time of sale continues the owner (see authorities cited), and the taxes are merely an encumbrance, he dying three months after the sale, his minor heirs become the owners within the spirit of the Act of 1815, and may redeem for two years after they attain their majority. See further 6 *Watts* 290; Act of 12th April, 1842, § 20.

*Schofield* and *Wetmore*, for defendant in error.—If the several heirs of Newton have the right to redeem after two years, they derive it from the proviso of the 4th section of the Act of 1815: *Purd.* 825. This provides that if the owner shall at the *time of such sale* be a minor, two years shall be allowed for redemption after removal of the disability. The heirs were not the owners at the time of sale, and therefore not within the Act. The two years given to redeem are in the nature of a statute of limita-

[McCormack *v.* Russell.]

tions, and cannot be enlarged by construction: 6 *Watts* 388; 7 *Ser. & R.* 209.

The construction that would give the right to redeem beyond the two years, to the *immediate* minor heir, would extend it to his descendants if he should die in his minority; and thus one disability might be added to another indefinitely.

The opinion of the Court was delivered by

KNOX, J.—The only question presented upon this record, is this: Where a sale of unseated land for non-payment of taxes is made in the lifetime of the owner, who dies before the time of redemption has passed, leaving minor heirs, is the title of the purchaser complete after the expiration of the two years from the sale without redemption? The Court below held the affirmative of this question, and so do we. To decide otherwise would be in effect to make a new statute, rather than to follow an old one. Where land is sold for non-payment of taxes, if the owner or owners be at the time of such sale in his or their minority, the proviso to the fourth section of the Act of 1815 allows the redemption at any time within two years after the owner or owners arrive at full age; but if the owner at the time of the sale is of full age, the land sold must be redeemed within two years from the sale, or the title is gone. The death of the owner subsequently to the sale will not extend the time for redemption beyond the two years allowed by the Act of 1815.

Judgment affirmed.