STEVENS v. CASSADY.

1. **Tax Sale:** REDEMPTION BY MINOR. Real estate sold for taxes under section 779 of the Revision must be redeemed before the expiration of three years from the date of the sale, that is, the time when the property is struck off to the bidder; and if the property belonged to an adult at that time, the time of redemption cannot, under the provision of said section, be extended in favor of a minor who should acquire title to the property, either by conveyance or descent, before the expiration of the three years.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 16.

ACTION in equity by a minor to redeem real estate sold for non-payment of taxes. Judgment for plaintiff and defendant appeals.

*Dailey & Burke,* for appellant.

*Sapp & Lyman,* for appellee.

SEEVERS, CH. J.—This cause is submitted on the following agreed statement of facts:

"John F. Stevens, the father of Ira G. Stevens, the plaintiff, was, up to the time of his death, the fee owner of lots 18, 19 and 20 in block 4, and lots 13 and 14 in block 9, Pierce's addition to Council Bluffs, Iowa.

"In the month of January, 1861, said lots were all sold by the county treasurer at a valid tax sale for the non-payment of taxes, which sale is regular and its validity unquestioned.

"In June, 1863, John F. Stevens died, leaving surviving

VOL. LIX—8

him a widow and six children, of which Ira G. Stevens was one, and by virtue of which he claims the right to redeem a ninth interest in the property.

"The tax sale was made and certificate issued January, 1861, and after the death of John F. Stevens a tax deed was made, and defendant holds title under said tax deed.

"Ira G. Stevens was at the institution of the suit a minor.

"The only question between the parties is one of law, to-wit:

"Under the facts stated has Ira G. Stevens a right to redeem a ninth interest in said property?"

The statute in force at the time of the sale and under which appellee claims the right to redeem is section 779 of the Revision. It is as follows: "Real property sold under the provisions of this act may be redeemed at any time before the expiration of three years from the date of the sale * * * * provided that if real property of any minor, married woman or lunatic be sold for taxes, the same may be redeemed at any time within one year after such disability be removed * * * "

The general rule under this section is that all real estate sold for non-payment of taxes must be redeemed before the expiration of three years after the sale. To this rule there are three exceptions. Where the property sold belongs to a minor, married woman or lunatic. As to the meaning of the word sale in the first part of the section above quoted there can be no doubt. It means the time when the property is struck off to the bidder. From that time the period within which redemption must be made begins to run. Now has the same word in the proviso of the same section a different meaning? The appellee insists that it has, and that it means completed sale, and that is when the treasurer's deed has been recorded, as was held in *Eldridge v. Kuehl*, 27 Iowa, 160, under section 790 of the Revision. The reasons for this construction are stated in the case cited, and it is sufficient to say they do not apply to the case at bar. Indeed

Cole, J., the writer of the opinion, concedes the construction placed on the word sale is an exception to the general rule of the statutes relating to tax sales. In the case at bar, in order to sustain the ruling of the Circuit Court, we are required to place a different meaning on the same word in the same section of the statute when neither the context nor subject matter justifies it.

The priviso above quoted provides in terms for the redemption of the property of a minor, sold for taxes. That is, the property when sold belongs to a minor. It has no reference to the property owned by the ancestor of the minor when sold. Provision as to the redemption of such property is made in the first part of the section. The result of the holding of the Circuit Court would be, where the property of an adult is sold for taxes, who should find it inconvenient to redeem within three years from the sale, he could, six months or less before the expiration of such period, convey to his minor child and thus extend the period for redemption until one year after such child attained his majority. There cannot be any distinction as to the time when redemption must be made between a minor who is vested with the title by a conveyance and where such title is vested by descent. There is dictum in *Burton v. Hintrager*, 18 Iowa, 348, which accords with the view above expressed.

REVERSED.