GEORGE R. PEARSONS, Guardian, Appellee, v. AMERICAN INVESTMENT COMPANY, Appellant.

Tax Sale: MINOR'S RIGHT OF REDEMPTION. A quitclaim deed to the guardian of a minor from one who held the property conveyed as trustee for the minor's father will not entitle such guardian to redeem from a tax sale of the property conveyed, where the guardian, in his capacity of administrator of the father's estate, has previously contracted a sale of the same lands to a creditor of the father's estate.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, OCTOBER 10, 1891.

THIS is an action in equity, by which it is sought to redeem certain real estate from a sale for taxes. The ground of the plaintiff's claim is that he is the legal guardian of Charles B. Smeltzer, a minor, and that his said ward is the owner of the land, and'has the right of redemption by reason of his minority. The cause was fully tried on its merits, and there was a decree for the plaintiff. The defendant appeals.—*Reversed.*

*Soper & Allen,* for appellant.

*Parker & Richardson,* for appellee.

ROTHROCK, J.—I.    The cause was submitted to the court upon an agreed statement of facts, and upon brief oral testimony by one witness.    The agreed statement made reference to certain deeds and other exhibits, which it was stipulated should be taken up and attached as evidence in case either party should appeal to this court.    The appellant prepared an abstract, and presented a printed argument.    Afterwards the appellee, in connection with an argument, presented an abstract in which it is claimed that the record made by the appellant in this court is not such as to authorize a trial *de novo*.    The appellant, by an additional abstract in reply, claims that the record is complete.    We think this claim is well founded.    It appears that soon after the objection to the record was made the appellant caused proper corrections to be made, and we think there is now no valid objection to a trial anew.

II.    It is not denied that the plaintiff's ward, Charles B. Smeltzer, was a minor at the time the action was commenced.    The ultimate question to be determined is, was the said Charles B. Smeltzer the owner of the land in controversy at the time of the tax sale, and has he continued to be such owner until the commencement of this suit?    It is provided by section 892 of the Code that, "if real property of any minor or lunatic is sold for taxes, the same may be redeemed at any time within one year after such disability is removed.    *    *    *"    And under this provision of the law the minor must be the owner of the lands sold for taxes at the time of such sale, to be entitled to an extension of the time of redemption beyond the three years provided for in other cases of sales for taxes. *Burton v. Hintrager*, 18 Iowa, 348.    It was incumbent on the plaintiff to show, as an affirmative fact, that his ward, Charles B. Smeltzer, was the owner of the land at and after the tax sale.    The facts in connection with the ownership of the land are briefly as follows:

Charles C. Smeltzer was the owner of a large quantity of land in Clay and other counties in that part of the state. He also owned a valuable homestead in the city of Ft. Dodge. He died, leaving the said Charles B. Smeltzer his only heir. The estate was largely involved in debt, and the plaintiff Pearsons, as administrator and guardian, attempted to save the homestead for his ward.

The lands in controversy were owned by Charles C. Smeltzer, and no conveyance thereof was made by him at any time. If he had any interest therein at the time of his death, it descended to his said son. The plaintiff's claim of ownership is based on a quitclaim deed of the land from one Beecher. Beecher's claim to the land was founded upon a tax-sale deed, dated June 30, 1877. The quitclaim deed was executed September 17, 1877. It is strenuously contended in behalf of the appellee that, as the tax-sale deed to Beecher was presumptive evidence of title in him, it follows that the quitclaim deed conveyed that title to the plaintiff, and that he is, therefore, entitled to redeem. If this were all the evidence of title, or, rather, if there were no other facts in the case inconsistent with this presumption, the claim of the appellee would no doubt be valid. But the quitclaim deed is a peculiar instrument. It is in the following words:

"*Know All Men by These Presents*: That we, Hezekiah Beecher and Pauline E. Beecher, husband and wife, of the county of Webster, Iowa, in consideration of the sum of one dollar ($1) in hand paid, do hereby quitclaim unto George R. Pearsons, guardian of Charles B. Smeltzer, minor, of Webster county, state of Iowa, all our right, title and interest in and to the following described lands, to-wit, * * * lots two, three, four and seven (2, 3, 4, 7), in section seventeen (17), township ninety-seven (97), range thirty-five (35), west; * * * the total of said land

amounting to sixty-eight hundred and seventy-six and eighty-eight-hundredths acres, according to the government survey, be the same more or less. And the said Pauline E. Beecher hereby relinquishes her right of dower in and to the above and foregoing tracts of land, as described, the same having been held in trust.

"[Signed]          HEZEKIAH BEECHER,
          "PAULINE E. BEECHER."

Duly acknowledged.

It appears from this deed that the land in question, with a large quantity of other land, was held in trust by Beecher for some one; and the consideration named imports that he had no real interest in the land. Again, it appears from the testimony of the plaintiff, as a witness in the case, that Beecher had no interest in the land. The following is the language of the witness: "This deed was made at my request, as Beecher had no valid right to the property." As further impeaching not only any claim of Beecher to the property, but as showing that all the interest which Charles B. Smeltzer at any time had therein was such only as he inherited from his father, it appears in evidence that Pearsons, the plaintiff, as administrator of the estate of Charles C. Smeltzer, and as guardian of Charles B. Smeltzer, made a contract with one Grant, who was a creditor of the estate, by which Grant was to take all of the land belonging to the estate, in consideration that the homestead should be saved and descend unincumbered to said Charles B. Smeltzer. This contract was presented to the circuit court in a proceeding based thereon, in which proceeding Charles B. Smeltzer was made a party, and the court approved the contract, and ordered it to be performed, and it was performed by Grant, and he thereby became entitled to the land in controversy. These facts are not disputed. In our judgment, they are sufficient to rebut the pre-

sumption that the tax deed to Beecher conveyed an independent title to the land. It is not claimed that the order confirming the contract with Grant was void. He states in his testimony that he does not remember ''why said real property was not conveyed to William M. Grant pursuant to the contract made by me as administrator and guardian.''

Our conclusion is that the court below should have found that the evidence did not show that Charles B. Smeltzer was the owner of the land, and entitled to redeem from the subsequent tax sale under which the defendant claims, and the decree will be REVERSED.