MARY C. McGEE, Appellee, v. SAMUEL L. BAILEY et al., Appellants.

Tax Sale: REDEMPTION BY MINORS: STATUTE OF LIMITATIONS. Under section 892 of the Code providing, that the real property of a minor may be redeemed from tax sale at any time within one year after such disability is removed, *held*, that an action by a minor to redeem property inherited from another minor, after a sale thereof for taxes, could not be maintained after one year from the death of the deceased owner.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, OCTOBER 22, 1892.

ACTION in equity to redeem certain real estate from a tax sale. There was a full hearing upon the merits and a decree for the plaintiff. The defendants appeal. *Reversed.*

*Stevenson & Lavender*, for appellants.

*J. C. Kerr*, for appellee.

ROTHROCK, J.—The facts of the case are not the subject of dispute. The plaintiff and her brother, H. B. McGee, were the owners in common of the land in controversy. They acquired their title by inheri-

tance from their parents. On the sixth day of October, 1884, the land was sold for taxes, and on the seventh day of November, 1887, in pursuance of said tax sale, the treasurer of Calhoun county executed a tax deed for said land in proper form, which was duly recorded. At the time the land was offered for sale and sold the plaintiff and her brother, the said H. B. McGee, were minors. H. B. McGee died June 2, 1887, at the age of about eighteen years. The plaintiff came to the age of majority on the eleventh day of June, 1889, and she commenced this action on the eleventh day of February, 1890. The action was commenced within one year after she became of full age, and it is conceded the she has the right to redeem the undivided half of the land which she inherited from her parents.

The only question in the case is, has she the right to redeem the undivided half which she inherited from her brother H. B. McGee? The action was not commenced until more than one year after his death. The defendants claim the title to the land under the tax sale and deed. The right to redeem depends upon the proper construction of section 892 of the Code, which is as follows: "If real property of any minor or lunatic is sold for taxes, the same may be redeemed at any time within one year after such disability is removed in the manner specified in the following section, or such redemption may be made by the guardian or legal representative under section eight hundred and ninety at any time before the delivery of the deed." This court has held that an action by the heir of a minor to redeem from tax sale must be commenced within one year after the death of the minor. *Gibbs v. Sawyer*, 48 Iowa, 443. That case holds that the disability of minority was removed by the death of the minor, and that the action should have been commenced within one year from his death. It is true that this case differs from the one cited in that the

land in the cited case was not inherited from the deceased minor by a minor, but by an adult; and that fact is mentioned in the opinion. But it is not a fact of controlling importance. The statute does not make any provision for extending the time of redemption for more than one year after the disability of minority is removed by death in case the property passes by inheritance to a minor. It was held in Stevens v. Cassaday, 59 Iowa, 113, that, to entitle a minor to claim the disability and redeem in one year after attaining his majority, he must have been the owner of the land when the same was struck off and sold at the tax sale. And in an action to redeem land from a tax sale the plaintiff can redeem only the interest he owned at the date of the sale. He cannot redeem under a subsequently acquired title, whether it comes to him by descent or by purchase. Burton v. Hintrager, 18 Iowa, 348; Stout v. Merrill, 35 Iowa, 47; Jacobs v. Porter, 34 Iowa, 341; Stevens v. Cassaday, supra. It appears to us that when it is conceded, as it must be, that the disability of minority is removed by death, and that no one can redeem any part of the land except that owned by him at the time of the sale, with the exception that the land of a minor may be redeemed within one year after the disability of minority is removed, it is an end of inquiry and discussion upon the right of the plaintiff in this case. The plaintiff inherited the land after the sale, and by the inheritance she had the right to redeem the interest of her brother within one year after his death, but not after that time.

The decree of the district court is REVERSED.