# CHARLESTON.

## WHITE *et al.* *v.* STRAUS *et al.*

## Submitted February 7, 1900.—Decided April 7, 1900.

1. TAX SALE—*Redemption—Right of Infants.*
    If real estate is sold for the nonpayment of taxes there-
    on, and the right of redemption, under the statute, belongs
    to or accrues to an infant by reason of title vested, such
    right may be exercised in behalf of such infant during in-
    fancy, and by himself personally within one year after he be-
    comes twenty-one years of age.   (p. 795).

2. TAX SALE—*Right of Infants.*
    The real estate of an infant should not be decreed for sale
    until the liens thereon are ascertained and fixed.   (p. 799).

Appeal from Circuit Court, Wood County.

Bill by Leland R. White and others against William M.
Straus and others.   Decree for plaintiffs, and defendant,
Straus, appeals.

*Modified.*

W. N. MILLER, for appellant.

DAVE D. JOHNSON, for appellees.

DENT, JUDGE:

In the case of Leland R. White and Lohnier White, in-
fants, against William M. Straus and others, from the cir-
cuit court of Wood County, the principal question is as to
the right of the infant plaintiffs to redeem a certain lot
from a tax sale made during the life of their father, but
which, by reason of his death within the year of redemp-
tion, became their property.   The facts are as follows:
Arthur L. White, the father of plaintiffs, was the owner of
a house and lot in the city of Parkersburg.   Being in the
government employ, he moved to the West, and placed his
property in the care of agents, to be rented or sold.   They
permitted it to be returned delinquent for the taxes of 1893
and 1894, and in December, 1895, twenty-three feet thereof

was sold for such delinquency, and William M. Straus became the purchaser. Holmes Hiteshaw, the agent, and a relative of Straus, notified White of the sale, and that he had not sufficient funds to redeem it, and that it would require twenty-two dollars and fifteen cents to do so. White sent him the money, and Hiteshaw still postponed redeeming it; claiming that the amount was not sufficient. Before the matter could be settled, White died. His widow then tried to find out the amount of money required for redemption, but was postponed from time to time until the year expired, when she was informed by the agent that the purchaser, Straus, would not allow the redemption, and had applied for and obtained a deed, but was willing to pay two hundred dollars for the residue of the property. The infants, by their next friend, filed their bill, asking that the property might be redeemed and sold for their benefit, as they had no means to repair it so as to make it rentable. Straus filed a supplemental answer, setting up ownership to the whole lot, and alleging that the residue of the lot had been sold for taxes accrued since the death of Arthur L. White, to wit, for the years 1895 and 1896, in the month of January, 1898, and that he obtained a deed therefor on the 5th day of January, 1899, while this suit was pending. The circuit court dismissed such supplemental answer, and decreed a redemption and sale acccording to the prayer of the bill.

Straus appeals, and insists that the plaintiffs are not entitled to redeem the property now, but that his title became indefeasible one year after his purchase. This question depends on the construction of section 30, chapter 31, Code, which provides that "an infant, married woman or insane person whose real estate may have been so sold during such disability, may redeem the same by paying to the purchaser, his heirs or assigns, within one year after the removal of the disability the amount for which the same was sold," etc. The appellant claims that this only applies to such sales where the infant owns the real estate in his own name at the time the sale was made by the sheriff, and not to real estate inherited by him after such sale, yet within the period of redemption; that is, if he inherits the land just before the sale is made, the law applies, but,

if he inherits it just after the sheriff makes the sale, the law does not apply, and the infant has only the right of re demption accorded to an adult. This contention is sustained by the decisions of the courts of Pennsylvania, Iowa, and Kansas, under very similar statutes. *McCormack* v. *Russell*, 25 Pa. St. 185; *Stevens* v. *Cassady*, 59 Iowa, 113, 12 N. W. 803; and *Doudna* v. *Harlan*, 45 Kan. 484, 25 Pac. 883; Blackw. Tax. Titles, § 374. In *Stevens* v. *Cassady*, which follows the Pennsylvania decision, and is followed by the Kansas decision, the reason given for such holding is that to extend the disability of infants to lands acquired after a sale by the sheriff would permit an adult whose property had been sold for taxes to extend the period of redemption by making a deed for the property after sale to his infant children. Could not the adult accomplish the same result by making such deed just before the sale? Or could not any real estate owner, by making a deed to his infant child, postpone the payment of the taxes thereon until after the child became twenty-one years of age? But what could be gained by such postponement? To assume that a property owner will make a fraudulent transfer of his property to temporarily escape the payment of the taxes due thereon, as a reason for depriving an infant of his property and legal disability, is unreasonable, illogical, and unjust. These decisions, too, strictly construe the law, to the detriment of those who are incapacitated thereby from transacting business, and whose property rights, by reason of their disabilities, should be protected and preserved, instead of being made a prey of the law. The holding of the supreme court of Wisconsin is directly to the contrary, and therefore more in harmony with justice and equity. *Jones* v. *Col'ins*, 16 Wis. 594. On page 605 the court says: "It must be admitted, if this statute is to receive a strict construction, it would cut off the right of the heirs to redeem. But we think it should not receive such a construction. This case comes fully within the spirit of the law, which was evidently passed for the benefit of those laboring under some legal disability, and who were incapable of protecting their own rights. So, although the minors did not own the lands when they were sold for taxes, yet, inasmuch as they became vested with

the title before the tax deed was issued, the case would seem to come fully within the reason and principles of the law which gives them the right of redemption. The rule with regard to the construction of statutes of this character is thus laid down in *Dubois* v. *Hepburn*, 10 Pet. 1, 9 L. Ed. 325. The court says: 'A law authorizing the redemption of lands so sold ought to receive a liberal and benign construction in favor of those whose estates will be otherwise devested, especially when the time allowed is short, and ample indemnity given. The purchaser suffers no loss. He buys with full knowledge that his title cannot be absolute for two years. If it is defeated by redemption, it reverts to the lawful proprietors. It would therefore seem not to be necessary for the purposes of justice, or to effectuate the objects of the law, that the right to redeem should be narrowed down by strict construction.' *Masterson* v. *Beasley*, 3 Ohio 301; *Patterson* v. *Brindle*, 9 Watts 98; *Chapin* v. *Curtenius*, 15 Ill. 427." *Wyatt* v. *Simpson*, 8 W. Va. 394; *Hays* v. *Heatherly*, 36 W. Va. 613, (15 S. E. 223). Our statute differs in its phraseology from the statutes of the other states construed in the foregoing decisions. The Pennsylvania statute is to the effect that if the owner of property sold for taxes "shall at the time of such sale be a minor." The language of the Iowa statute is, "If the real property of any minor, married woman or lunatic be sold for taxes." The Kansas statute is similar, while our statute is, "Any infant, married woman or insane person whose real estate may have been so sold (that is, for taxes) during such disability," etc. The time of sale relates to the disability, and not to the ownership of the property. The person must be under disability at the time the sale was made, so as not to be in condition to redeem the property, under section 15, chapter 31, Code, within one year after the sale. The sale alone does not effect the transfer of the ownership of the property, but the owner at the time of the sale, so far as the statute is concerned, continues to be the owner until all right of redemption is gone, and the title of the property is vested by a proper deed in the tax purchaser. So that, if the owner dies before the time of redemption expires, his ownership does not pass to the tax purchaser, but to his heirs; and

they become, in the eyes of the law, the owners of the property, for all purposes, until their right of redemption is forfeited. Nor does the sale of the property prior to the time the infants become the owners thereof confer any greater rights on the tax purchaser than if the infants were the owners at the time of the sale, and they are as much the owners in one case as in the other. Then why should they be allowed to redeem in the one case, and not in the other? If the land descends to them just before the sale, they are allowed one year after reaching the age of legal capacity to redeem; but if it descends to them just after the sale, according to the claim of the appellant, being under legal incapacity, they cannot redeem at all, but their guardian, if he has funds, or is willing to advance the same, may redeem in their names. If they were adults, they can redeem, but, being infants, they cannot act for themselves. They cannot contract by themselves, and adults may refuse to contract with them. They must sue by next friend, or guardian. If they have no funds, guardian, or next friend, it matters not how valuable their real estate may be. Owing to their disability it must be lost to them forever, because their ancestor did not die immediately before, instead of just after, the sale. This is a distinction without a difference. Whenever infants own land, it matters not whether it came to them before or after the form of sale was gone through by the sheriff, their legal disabilities should secure to them, one year after their disabilities are removed, the right to redeem the same from absolute forfeiture. This is now, and always has been, the just spirit of both the Constitution and the laws of this State. Such provision applies to all the statutes of limitations and the decrees of our courts. If there are instances where it does not, it is because of unintentional legislative oversight. There is no oversight in this case, but the true meaning of the law is plain enough; and this is that if lands are sold which an infant, if an adult, would have the right to redeem, his legal incapacity secures to him one year after he reaches his majority to make such redemption. This construction makes the statute just, equitable, and consistent with itself, and is harmful to no one, although it may prevent a greedy speculator from securing

an infant's estate for little or no consideration by enforcing a confiscation thereof under the forms and sanction of the law. For instance, in the present case the estate of helpless, needy infants, to the value of about three hundred and fifty dollars, is claimed absolutely by the tax purchaser by reason of the expenditure of twenty-two dollars and fifteen cents, and, according to his pretension, they have no redress. He refused to accept the redemption money, amounting, with its interest, when tendered to him by their guardian and next friend, to the sum of forty dollars, and exhibits a willingness to expend many times the amount in unjust litigation with them. He stands by the letter of the law as it appears at first blush, and disregards its spirit. Equity recognizes the Golden Rule as one of its favorite maxims, to wit: "As you would that others should do unto you, do you even so unto them." If a man follow this, he will not stray far from the correct interpretation of any law. If the appellant had said, "As I would have Arthur L. White to do unto my infant children, I being dead, so I will do unto his infant children, he being dead," the true construction of the law under discussion would have been made plain to him, and he would have reached the conclusion that the law would always be construed to avoid injustice and wrong, and promote justice and right, in every possible case. By allowing these infants, by their next friend, to have redeemed their land, he would have lost nothing, but would have received his own, with lawful usury. This is all he had the legal right to ask, and with this he must be satisfied.

Objection is made that the bill alleges that the property was sold only for the taxes of 1894, whereas the deed, which is an exhibit with the bill, shows that it was for the years 1893 and 1894. This is an error that is self-correctory. The deed amends the bill. It is not necessary to enter into the question of fraud, for, if it existed, the law as heretofore expounded has rendered it abortive.

There was no appealable error committed in this case against the appellant, but there is error against the infant defendants. The sale of their property should not have been authorized until all liens against the same for taxes or otherwise were first ascertained and determined. The

plaintiffs being infants having no other estate out of which the taxes can be paid and the property redeemed, a court of equity will sell the property, and out of the proceeds pay for such redemption and all other taxes and other liens against the same; but the amount of such liens should be first ascertained and determined, that a fair sale may be had, and a clear title secured to the purchaser thereof. The decree will be reversed and amended in this respect, and in all things else affirmed, and the cause be remanded, to be further proceeded in according to the rules and principles governing courts of equity. The plaintiffs substantially prevailing, the appellant must pay the costs of this appeal.

*Modified.*