## McMILLAN v. HOGAN.

### (Filed December 10, 1901.)

1. TAX TITLES—*Sales—Heirs—Death of Owner.*

   Where the owner of land sold for taxes dies before sheriff makes the deed, the validity of the deed is not thereby affected.

2. TAX TITLES—*Sales—Heirs—Infants—Acts 1895, Ch. 119, Sec. 60.*

   In order to entitle a minor to an extension of time for the redemption of land sold for taxes, beyond the statutory period, he must have been the owner of the property at the time of the sale.

3. PRESUMPTIONS—*Tax Titles—Deeds—Sheriff's Deeds.*

   A deed of sheriff for land sold for taxes is presumptive evidence of the regularity of the sale.

4. TAX TITLES—*Sheriff's Deed—Payment of Taxes.*

   Before contesting the title under a tax deed, the contestant must pay the taxes for which the land was sold.

ACTION by R. McMillan against Sallie Hogan and others, heard by Judge *Frederick Moore* and a jury, at May Term, 1901, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff, the defendants appealed.

*S. H. McRae,* for the plaintiff.
*Geo. M. Rose,* for the defendants.

CLARK, J. The land was bought by plaintiff at a sale thereof for taxes. The defendants have neither paid the taxes nor tendered the plaintiff the money paid by him for the purchase-money and the costs. The land was sold for taxes due by Dennis Hogan, 11th May, 1896. He died thereafter, on 15th March, 1897, without having redeemed the land, and on 17th May, 1897, the Sheriff executed title

to the plaintiff. The defendants are the widow and heirs-at-law of Dennis Hogan, and the sole defense relied on is an averment that the deed was void, because when made said Dennis was dead and his heirs-at-law minors.

The State can not exist without the collection of taxes, and when any tax-payer or any property defaults in the payment of his or its fair share of contribution to the public burdens, it throws upon those who pay their *pro rata,* the burden also of paying the taxes of those who default. The share due by defaulters can only be coerced by sale of their property. Buyers at such sale are a necessity, and to encourage them a new law was reported by a Tax Commission (appointed by the Legislature of 1885), and was adopted by force of public necessity in 1887. With slight modification, it has been in force ever since. What indulgence shall be extended to those who fail to discharge the dues levied on their property by the law-making power, and what steps shall be taken to enforce collection, are matters peculiarly within the province of the General Assembly, and the Courts can intervene only when the legislative provision conflicts with some clause of the Constitution.

The sale of decedent's land, made in 1896, seems to have been in all respects regular. Such is the presumption raised by the statute, and no evidence has been adduced to the contrary. The defendants have not paid the taxes then due, which the law requires as a condition precedent to contesting the title carried by the deed executed to plaintiff by authority of the State. *Moore v. Byrd,* 118 N. C., 688.

By virtue of the sale and payment of the purchase-money, the title passed to the plaintiff, subject to be defeated if the sum, with interest and costs, was reimbursed to the purchaser within one year. This was a grace given to the tax-defaulter, and if it is not accepted for any cause at the end of the year of grace, the purchaser at the tax sale becomes enti-

tled to an absolute deed. The general dislike to becoming purchasers of land at tax sales, and the insecurity of such purchases (notwithstanding the new statute), are already such that if, in addition, a purchaser should be subjected to losing both his money and his purchase when the tax defaulter shall die within the year leaving minor children, the State would get few purchasers, and the enforced collection of taxes become well-nigh impossible.

Still, the Legislature could so enact, but it has not done so. The act, then, in force, 1895, Chap. 119, sec. 60, provides: "Infants, idiots and insane persons may redeem any land *belonging to them* from such sale (after the expiration of such disability in like terms as if the redemption had been made within one year) from the date of said sale." But, here, no land belonging to the defendants was sold. When sold, the land belonged to Dennis Hogan, and the purchaser got the title upon payment of his purchase-money, subject only to a right in Dennis to redeem within one year (or anyone for him), and his death did not have the effect to extend the time till any infant, perhaps 21 years later, should redeem. Purchasers could not be had on those terms. The contract of the plaintiff with the State was made 11th May, 1896, and had become absolute when the deed was delivered to him 17th May, 1897.

By paragraph 6977, General Statutes of Kansas, 1899, it is provided: "That lands of minors, or any interest they may have in any land sold for taxes, may be redeemed at any time before such minor becomes of age and during one year thereafter." In *Doudna v. Harlan,* 45 Kan., 484, it is held that the right of redemption, conferred by this paragraph, applies only to lands in which minors have an interest *at the time they are sold* for taxes, and did not apply to lands which, when sold, belonged to their ancestor—approving *Stevens v. Casady,* 59 Iowa, 113, which is to the same effect. The

same ruling is made in *McCormack v. Russell,* 25 Pa. St., 185, and in *Kulp v. Kulp,* 51 Kan., 341, which appears also in 21 L. R. A., 550.

In Black Tax-Titles (2d Ed.), sec. 374, it is said: "It may be laid down as a general rule, obtaining under most systems, that in order to entitle a minor to an extension of itme for redemption of a tax sale beyond the regular statutory period, he must have been the owner of the property at the time of the sale." As the tax delinquent, after the sale of his land for taxes, has only left in him the bare right of redemption within one year, that right can not be extended (in the absence of statutory provision) by his deed, his will or his death devolving the right upon a minor.

In the United States Supreme Court (*Keeley v. Sanders,* 99 U. S., 441, 445), it is held that the right of redemption from tax sales, although it is to be regarded favorably, does not exist, except as permitted by statute. The same is held in *Levi v. Newman,* 130 N. Y., 11; *Smith v. Macon,* 20 Ark., 17; *McGee v. Bailey,* 86 Iowa, 513; *Metz v. Hipps,* 96 Pa. St., 15.

In Coley on Taxation (1st Ed.), 364, the law is thus stated by its distinguished author: "But while the statutes (allowing redemption) are to be favorably regarded, it is at the same time to be borne in mind that the right to redeem comes from the statute exclusively, and is to be asserted only in the cases and under the circumstances which are there prescribed. The Courts can make no extension of statutory time; they can make no exceptions from the general provisions of the statute to meet the circumstances of hard cases; and if the statutes fail to provide for cases of disability, like those of infancy, coverture, or absence from the country, the Courts are without authority to do so." This and several other of the above decisions are cited with approval

in *Dumphey v. Hilton,* 121 Mich., 315 (1899), the Court saying "no authority is cited to the contrary."

No Error.

DOUGLAS, J., concurs in result only.