MARY BYINGTON, Appellant, v. M. F. CARLIN, ET AL.,
Appellees.

**Taxation:** SALE: EXTINGUISHMENT OF DOWER. A sale of land for
1 taxes cuts off a widow's right of dower therein.

**Same:** REDEMPTION FROM TAX SALE OF DOWER INTEREST: STATUTES. The
2 provision of the Code of 1860, relating to the right of married
women to redeem their property from tax sale, had relation to
property owned by them in their own name and right and not
to an inchoate right of dower, which then consisted of a life
estate in an one-third part of the husband's estate to which the
wife had made no relinquishment as at common law. But if this
were not true the Code of 1873 removed the disability of married
women, and upon failure to exercise the right of redemption with-
in one year after that Code went into effect their right to redeem
from a tax sale was lost.

**Same:** LEGISLATIVE POWER RESPECTING DOWER. The inchoate right of
3 dower is not a vested right; and the legislature had power, prior
to the husband's death, to take away the wife's right to redeem
from tax sale her interest in his lands sold for taxes, as provided
by the Code of 1860; and to change such inchoate right from a
life estate to an one-third in fee in her deceased husband's unsold
lands, and those to which she had not relinquished her right, as
was done by the acts of 1860.

*Appeal from Clinton District Court.*—HON. A. P. BARKER,
Judge.

WEDNESDAY, MARCH 9, 1910.

SUIT in equity to redeem certain real estate from tax
sale. The trial court sustained a demurrer to the petition,
and plaintiff appeals.—*Affirmed.*

*R. J. Smith* and *O. A. Byington,* for appellant.

*Wolfe & Wolfe,* for appellees.

DEEMER, C. J.—From the petition we extract the following facts, which are deemed material to the proper determination of the case: In the year 1861 Le Grand Byington, plaintiff's husband, was the owner of the land in controversy, in which plaintiff is now claiming a dower interest. Byington died in the year 1907, and this action was commenced in December of the year 1908. The entire premises were sold for delinquent taxes in the year 1861, and defendants are the holders of tax deeds, regularly issued pursuant to these tax sales, or grantees of said tax title holders.

Plaintiff claims that under the statutes of the state she, as the widow of Le Grand Byington, had one year after her husband's death within which to redeem from the tax sale for the protection of her dower interest. It is the settled law of this jurisdiction that a sale for taxes is such a judicial sale as cuts off the widow's dower. *Lucas v. Purdy,* 142 Iowa, 359. But plaintiff claims that section 779 of the Revision of 1860, which was in force when the tax sales were made, gave her one year after the death of her husband within which to redeem her dower interest in the lands. That section reads as follows:

1. TAXATION: sale: extinguishment of dower.

2. SAME: redemption from tax sale of dower interest: statutes.

Real property sold under the provisions of this act, may be redeemed at any time before the expiration of three years from the date of the sale, by the payment in specie, to the clerk of the board of supervisors of the proper county, to be held by him subject to the order of the purchaser of the amount for which the same was sold and thirty percent on the same with ten percent interest per annum on the whole amount from the date of the sale, and the amount of all taxes accruing after such sale, with ten percent interest per annum on such subsequent taxes, unless such subsequent taxes have been paid by the person for whose benefit the redemption is made; which fact may be shown by the treasurer's receipt; provided,

that if real property of any minor, married woman, or lunatic be sold for taxes, the same may be redeemed, at any time within one year after such disability be removed, upon the terms specified in this section, which redemption may be made by the guardian or legal representatives.

This section was repealed in the year 1862, the law going into effect April 25, 1862. See Acts 9th General Assembly, chapter 173. But appellant contends that this did not deprive her of her right to redeem. On the other side it is contended that section 779, before quoted, does not apply to the case, and that if it did, as the Code of 1873 removed the disabilities of a married woman, and gave until September 1, 1874, within which to redeem, her failure to do so within the time granted foreclosed all her right in the premises. The latter part of this argument is based upon the proposition that, as the Code of 1873, which went into effect September 1, 1873, completely emancipated married women, and removed her disabilities, she had but one year thereafter within which to redeem, and that as she failed to exercise that right she lost all interest in or claim to the premises.

We are very decidedly of opinion that section 779 of the Revision had reference only to the property of married women owned in their own name and right, and not to the inchoate right of dower, which at that time was as at common law. See section 2477 of the Revision. Support for this conclusion, if any be needed, is found in the following cases: *Burton v. Hintrager,* 18 Iowa, 348; *Stevens v. Cassady,* 59 Iowa, 113; *Pearsons v. Investment Co.,* 83 Iowa, 358; *McGee v. Bailey,* 86 Iowa, 515. But even if this were not true, the disabilities of married women were removed by the Code of 1873, and as plaintiff did not exercise her right to redeem within one year after that Code went into effect, she lost her right to do so. See, as supporting this conclusion, *Spafford v. Warren,* 47 Iowa, 47; *Brigham v. Myers,* 51 Iowa, 397. These

propositions are decisive of the case, but there is another which is quite as conclusive.

Plaintiff is asking to redeem and to have an one-third part of the lands set aside to her as dower. Conceding *arguendo* that section 779 had reference to property then owned by the husband, the widow's dower as it then existed was simply a life estate as at common law; that is to say, she was entitled to one-third part of her husband's estate to which she had made no relinquishment of her rights, which was to be set apart to her if she survived her husband, to be held by her during her natural life. This section was repealed by the very Legislature which repealed section 779 of the Revision, and the widow was given one-third in fee of her husband's real estate. which had not been sold on execution or other judicial sale, and to which she had made no relinquishment of her rights. So long as plaintiff's dower remained inchoate, the Legislature had the right to abolish, change, or alter this right, or to impose any conditions thereon it saw fit. By the repeal of the statute giving her a dower estate as at common law, and substituting a new estate in place thereof, this new estate became subject to existing laws, and in itself might thereafter be changed by a repeal of the law as it existed when the tax sale was made. Plaintiff's right of dower under the old section was abolished, and her rights if she had any, are to be found in the law existing at the time of her husband's death. These are fundamental principles, and we need only cite the following among many cases bearing thereon: *Lucas v. Sawyer,* 17 Iowa, 517; *Sturdevant v. Norris,* 30 Iowa, 65.

There is no showing that plaintiff's husband at any time made any conveyance of the lands; 3. SAME: legislative power with respect to dower. hence none of the exceptions to the rules last stated apply. The act to which we have last referred took effect April 18, 1862. The act repealing section 779 took effect April 25, 1862.

Now it was perfectly competent for the Legislature to make any change in the inchoate right of dower, and to take away the right of a married woman to redeem it from sale while in an inchoate state, unless exercised within a given time. That right was taken away when section 779 was repealed. In other words, the inchoate right of dower is not a vested right, and any exceptions shown in favor of married women in the matter of exemptions may be removed at any time before the husband's death with perfect impunity. Appellant's contentions are based upon the fallacious notion that the inchoate right of dower vests or in same measure becomes sacred even before the husband's death, which, of course, is not true. If the plaintiff had been the owner of the property at the time of the tax sale, and when section 779 was in force, a different question might arise. But even were that the situation, as her disabilities were removed by the Code of 1873, it is doubtless true that her right of redemption was extinguished within one year after the adoption of that code. The case is not difficult of solution once we get back to fundamental notions regarding the construction of statutes and the nature of the inchoate right of dower.

The trial court correctly sustained the demurrer, and the order and judgment must be, and they are, *affirmed.*