MOORE *et al. v.* ROTENBERRY.

(Division B.   June 10, 1940.)

[196 So. 758.   No. 34202.]

J. B. Boyles, of Batesville, for appellants.

**Gore & Strong** and **Eugene Thompson,** all of Marks, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellants, who were minors at the time of the death of their father, W. A. Moore, on November 27, 1930, and who were joined in the suit in the court below by their mother and adult brothers and sisters, who did not appeal, are seeking by appropriate procedure, to redeem their undivided interests in certain land which was legally sold to the state on April 7, 1930, for the delinquent taxes due thereon for the year 1929. W. A. Moore was the owner in fee simple, and was in possession of the land at the time of the sale, and also at the time of his death, intestate, on the date above mentioned. This proceeding was not instituted until May 28, 1938, which was consequently long after the expiration of the two-year limitation within which W. A. Moore, as owner at the time of sale, would have been entitled to redeem the land, under section 3264 of the Code of 1930, the governing statute as to the rights acquired by the state, as well as those reserved unto the owner when the tax sale was made during the month of April of that year.

The statute above referred to contains a saving clause in favor of minors, as follows: "Saving to infants . . . whose land may be sold for taxes, the right to redeem the same within two years after attaining full age . . . from the state or any purchaser thereof . . ." At the time of the sale here in question the appellants owned no interest in the land involved. Therefore, the right given by the statute to infants whose land may be sold for taxes, for them to redeem the same within two years after attaining their majority, applies only to land owned by an infant, or in which he has an interest,

at the time of the sale. As to land belonging to their adult intestate, they inherit only such right as he had—that is to say, the right to redeem the land within two years from the date of sale. McNamara v. Baird, 72 Miss. 89, 16 So. 384. The statute of limitation had already commenced to run against W. A. Moore before his minor heirs inherited their interest in the land. In other words, it was not their land which was sold. The statutory provision which affords minors whose lands are sold for taxes the right to redeem after they reach their majority, "applies only to lands that belong to minors, and in which they have an interest at the time they are sold for taxes, and not that in which they may subsequently acquire an interest." Kulp v. Kulp, 51 Kan. 341, 32 P. 1118, 1120, 21 L. R. A. 550; Pearsons v. American Inv. Co., 83 Iowa, 358, 49 N. W. 853; Stevens v. Cassaday, 59 Iowa, 113, 12 N. W. 803; Doudna v. Harlan, 45 Kan. 484, 25 P. 883; McMillan v. Hogan, 129 N. C. 314, 40 S. E. 63; McCormack v. Russell, 25 Pa. 185; McGee v. Bailey, 86 Iowa, 513, 53 N. W. 309; Bradbury et al. v. Johnson, 104 Ark. 108, 147 S. W. 865, Ann. Cas. 1914C, 419; 61 C. J., 1252; and Cooley on Taxation, Vol. 4 (4 Ed.), Sec. 1563, and note 21 thereunder. The cases of White v. Straus, 47 W. Va. 794, 35 S. E. 843; Jones v. Collins, 16 Wis. 594, relied on by the appellants, seem to support the contrary view, but the rule therein announced is not in harmony with the prevailing view. In fact, a later Wisconsin case than that of Jones v. Collins, supra, to-wit, Corry v. Shea, 144 Wis. 135, 128 N. W. 892, Ann. Cas. 1912A, 1154, is cited in Smith v. Hughes, 135 Okl. 296, 275 P. 628, 65 A. L. R. 573, 594, as supporting the general rule, which is there stated as follows: "It has been generally held that in order for a person under disability to take advantage of the benefit of a statute extending the time of redemption, he must have been the owner at the time of sale."

It is urged, however, that chapter 286 of the Laws of 1932, which amends the saving clause in favor of infants, contained in section 3264, Code of 1930, supra, and causes

the same to read: "Saving only to infants who have or may hereafter inherit or acquire land by will and . . . whose land may be sold for taxes, the right to redeem the same within two years after attaining full age . . . ," has the effect of enlarging the right of infants to redeem land; and that since this statute was enacted before the patent under which appellees claim was issued by the state, the appellants are given the right, for a period of two years after attaining their majority, to redeem the land as having inherited it after the tax sale.

In the first place, we do not feel that the statute has any application, for the reason that the patentee acquired such rights as the state owned, and the state obtained its title before the enactment of said chapter 286, Laws of 1932, subject to such right of redemption as existed under the law at the time of the sale, section 3256, Code 1930. In the second place, we think that the amendment was intended to restrict, rather than to enlarge, the saving clause in favor of infants, so as to limit their right to redeem their land within two years after attaining full age to such land as they might, after the passage of the act, inherit or acquire by will; and was doubtless intended to prevent the conveyance of land to minors by deed thereafter for the sole purpose of permitting the land to be sold while the title was in the name of such minor, with the intention on the part of the grantor to continue in possession and enjoyment of the same without the payment of taxes during the period within which the minor would have had to redeem, had the amendment not been adopted so as to limit the right to redeem, within two years after reaching his majority, to only such land as he may have inherited, or acquired by will. And in the third place, we think that the words, "who have or may hereafter inherit or acquire land by will," have reference to the time of the enactment of the statute, and does not relate to any tax sale that may have been made prior to the passage of the act.

We are therefore of the opinion that the decree of the court below, in denying unto the appellants the right to redeem the land in question, should be affirmed.
Affirmed.