RODGERS, Justice:
This is a suit begun in the Chancery Court of Humphreys County, Mississippi, to terminate a partnership of the heirs at law of O. J. Turner, deceased, in estate property.
The amended bill alleges that the defendant members of the partnership acted in a fiduciary capacity for their younger brother, Joe Ware Turner, the husband of Mrs. Maurine L. Barrett and the father of the other complainants. The bill alleges that the defendants did not deal fairly with the deceased, Joe Ware Turner. It alleges that the partners took funds out of the family business with which to purchase certain real estate in the names of three older brothers, at a time when Irby Turner was manager of the estate of his deceased father, O. J. Turner, and representative of his mother who was acting as guardian of the estate and person of his minor brother, Joe Ware Turner.
*565 The complainants allege that at the time of the death of O. J. Turner he owed: Pluck Plantation and Graeber Plantation, a gin and his home; that out of the resources of the estate of O. J. Turner the three older brothers purchased Hardwood, Plantation, Belgrade Plantation, Daybreak Plantation and certain other farm lands described in the amended bill as being deeded to the wives of the older brothers. A drug store and shares in Belzoni Investment Company were also included in the original bill of complaint but the claims as to these properties were later withdrawn.
The defendants filed their answer and special pleas in which they admitted that complainants were entitled to a dissolution of the partnership and cotenants in the estate of their father and stated that an accounting had been furnished all the partners. The answer denied fraud and denied that any of the properties described as having been acquired by the older members of the partnership, after the death of O. J. Turner, had been acquired through funds or the credit of the O. J.' Turner Estate Partnership. They also filed an affirmative defense in which they stated that (1) neither Joe Ware Turner nor Mrs. A. S. Turner, their mother claimed any interest in the properties acquired after the death of O. J. Turner from the three older brothers, and that they contributed no funds to the purchase of. the after-acquired property. (2) It alleged that the action is barred by. Section 264, Mississippi Code 1942 Annotated (1956). (3)Tt alleged that the claim filed in the instant proceeding is a collateral attack upon the final decree dated December 16, 1962, and since the action was not instituted within two years from that date, the action is barred by Sections 646 and 1272, Mississippi Code 1942 Annotated (1956). (4) It alleged that the instant action is an attempt to recover an open account more than three years after the alleged occurrence and verbal contract. (5) It alleged that the instant action is an attempt to recover land after ten years and is barred by Sections 709, 710, 746, Mississippi Code 1942 Annotated (1956). (6) It is said that the claim was not brought within two years after the death of Joe Ware Turner and is barred by Section 728, Mississippi Code 1942 Annotated (1956). (7) And, it is said, the action is barred by laches and estoppel.
The chancellor held that the evidence introduced failed to prove fraud or concealed fraud on the part of the defendants in the acquisition of the land purchased after the death of O. J. Turner, Sr. (June 22, 1930). The court also held that Joe Ware Turner knew, or could have known by reasonable diligence, the facts with reference to the purchase of the land acquired by his brothers after the death of his father. The chancellor also held, as a fact, that the O. J. Turner Estate Partnership owned an undivided interest in Pluck Plantation, Graeber Plantation and the former home of O. J. Turner, Sr., deceased, but that the complainants owned no interest in the other land acquired by the defendants after the death of O. J. Turner.
The chancellor found as a matter of fact that Joe Ware Turner became twenty-one (21) years of age on November 1, 1945, and that on December 16, 1952, a final decree was entered in the chancery court in the matter of the estate of O. J. Turner, deceased, in which it was adjudicated that the heirs of O. J. Turner had received their full share of the estate of O. J. Turner, so that the Administratrix was discharged. The chancellor also held that the decree entered on December 16 was a final decree in the guardianship of Joe Ware Turner and held that the instant suit was a collateral attack upon this decree and is barred by Section 646, Mississippi Code 1942 Annotated (1956). The court found that there was no proof of any fraud in connection with the sale of thirty (30) shares of capital stock of Belzoni Investment Company. Thereupon the chancery court authorized the dissolution of the O. J. Turner Estate Partnership, and directed that an accounting be struck, but *566 that by stipulation of counsel the accounts exhibited constitute a complete and final account. The court then held that the liquid assets of the partnership amounted to the sum of $245,729.05 and that this should be distributed among the partners; that complainants should receive the total sum of $45,145.81. It was further decided that the complainants owned an undivided one-fifth interest in Pluck Plantation, Graeber Plantation, and the former home of O. J. Turner, Sr., and that complainants are tenants in common with Mrs. A. S. Turner, O. J. Turner, Jr., Irby Turner and Thomas N. Turner, with respect to the foregoing property. The chancery court cancelled all claims of the complainants to the property acquired by the defendants after the death of O. J. Turner, deceased.
In the outset we agree with the finding of the chancellor as to the failure of the complainants to show fraud. Assuming that the complainants did show that part of the purchase price of the after-acquired plantations came from funds belonging to the estate of O. J. Turner, this fact alone does not show fraud. This is true particularly when it develops that the estate owed the individual partners the sums withdrawn by them with which to purchase the after-acquired property. If the partners, or one of them, were at one time or another acting in a position of fiduciary relationship to Joe Ware Turner, that fact alone is insufficient to establish a claim of the estate of Joe Ware Turner to an interest in lands purchased by his brothers after the death of their father. The proof must have shown that his money or property in which he had an interest was used by the brothers with which to purchase property in their names in order to establish a prima facie resulting trust in favor of Joe Ware Turner. Moreover, the mere fact that some of the purchase price for lands purchased by the Turner brothers came from the e.state of their father is insufficient to show that Joe Ware Turner had an interest in the funds withdrawn, since the account books also reveal that a like amount withdrawn was also charged against the account of one of the adult brothers, and not against any funds in which Joe Ware Turner had an interest. 89 C.J.S. Trusts § 132-132(b)-133, page 1000 (1955).
The evidence introduced by the claimants in the trial court was not sufficiently clear and convincing to establish fraud or concealed fraud.
The general rule with reference to proof necessary to establish fraud has been admirably stated by Griffith in his Mississippi Chancery Practice, Section 589 (1925), as follows:
“There are several classes of cases wherein the weight of the evidence in favor of the party claiming its benefit must be more than a preponderance, and, as has been noted in a previous section, this is in those cases where the proof to establish the case must overturn not only the evidence in opposition thereto but must overcome also a strong legal presumption. For instance: There is a presumption against bad motive, dishonesty and fraud. If such be material the proof thereof must be strong. Fraud is not a thing to be lightly charged and most emphatically is not a thing to be lightly established. The stigma which follows from it is not to be placed upon parties unless the evidence is sufficient to satisfy the court, not by a mere preponderance, but clearly and convincingly, of the truth of the fraud, and especially is this true where a long time has elapsed and some of the actors are dead. It must be charged in terms of fact, and must be proved by the facts, and the proof must be clear and convincing * *
There are many cases reported from this Court wherein the rule requiring clear and convincing proof to establish fraud has been upheld. See cases cited by Griffith, Mississippi Chancery Practice, § 182. We have even reversed the chancellor on finding of fact when we discovered that the *567 proof was not clear and convincing. Taft v. Taft, 252 Miss. 204, 172 So.2d 403 (1965).
The testimony shows in this case that Joe Ware Turner became twenty-one (21) years of age in November, 1945, and lived sixteen (16) years, until 1961. The property here sought to be declared partnership property was acquired by the defendants, or some of them, after the death of their father and was acquired at various times from 1934 through 1954. All of the deeds to this property were duly recorded. The record reveals that Joe Ware Turner had not only permissive access to the books of the partnership, but that he did examine the books. It is, therefore, apparent that he knew, or should have known from the actual or constructive notice, of the purchase of the various pieces of property. Yet — he never at any time, after he became twenty-one (21) years of age, claimed any interest in the property purchased and acquired by his brothers.
This Court has held that there can be no concealed fraud in a case where a deed was recorded for a period of fifteen (15) years. McMahon v. McMahon, 247 Miss. 822, 157 So.2d 494 (1963).
Any claim that Joe Ware Turner might have had to the acquisition of various properties by defendants which were acquired during his minority and for which no claim was filed more than ten (10) years after he became twenty-one (21) years of age was clearly barred by Section 746, Mississippi Code 1942 Annotated (1956), inasmuch as there was no fraud shown in the acquisition of these pieces of property, and there was no wrongful concealment of the transaction.
The record shows that Hardwood Plantation was acquired on December 17, 1935, and two-thirds interest was conveyed to the other brothers by the grantee in the deed of January 15, 1953. The Belgrade Plantation was acquired November 13, 1939. The B. D. Smith property was purchased September 15, 1941. Land acquired from Citizens Bank and Trust Company was acquired January 7, 1942. The Wadlington deed was made on October 1, 1953. The Daybreak Plantation was acquired by defendants on January 7, 1944. Lot 113 of Bailey’s First Addition to the City of Bel-zoni was acquired on August 19, 1946. Lot 69 of Bailey’s First Addition, supra, was acquired December 22, 1938. The 1953 acres located in Section 27-34, Township 15 North, Range 2 West was acquired May 24, 1941. The 45.98 acres located in Section 10, Township 15 North, Range 3 West was acquired December 10, 1945. The Northeast Quarter of Section 30, Township 15, Range 3 West was acquired April 7, 1941. The Southeast Quarter of Section 30, Township 15 North, Range 3 West was acquired June 11, 1939.
This Court has repeatedly held that where the purchaser of property buys it with the money of another the trust there created in favor of the party whose money is used is an implied resulting or constructive trust and it is not an express trust. It is, therefore, subject to the statute of limitations. See cases cited in Sullivan v. Nobles, 211 Miss. 330, 51 So.2d 736 (1951).
It has been generally held that where a cause of action arose during the lifetime of the person entitled to bring a suit, and no suit is brought during his lifetime, the running of the statute of limitations is not interrupted by the death of the party who has a right to sue. Moore v. Rotenberry, 188 Miss. 882, 196 So. 758 (1940); Smith v. Copiah County, 232 Miss. 838, 100 So.2d 614 (1958); Hubbard v. Massey, 192 Miss. 95, 4 So.2d 230 (1941); Triplett v. United States, D.C., 213 F.Supp. 887 (1963).
Moreover, this rule is applicable to the personal representative of a deceased partner, 54 C.J.S. Limitations of Actions § 243, page 273.
The original bill filed in the instant case was filed on Noyember 18, 1966, which was more than ten (10) years after defendants *568 acquired the last piece of property purchased by any of the defendants.
We hold, therefore, that Section 746, Mississippi Code 1942 Annotated (1956), is applicable to this case and that the statute is a bar to this suit.
We also agree with the holding of the chancery court that the claim of the appellants, heirs of Joe Ware Turner, filed herewith is a collateral attack on the final decrees entered in the Guardianship of Joe Ware Turner, No. E-850, dated December 12, 1952, wherein it is stated “that said ward has received all assets belonging to him.” The suit is also a collateral attack upon the decree of the chancery court dated December, 1952, in which the mother of the deceased Joe Ware Turner reported settlement in the estate of O. J. Turner, deceased, in which Mrs. A. S. Turner was Ad-ministratrix. In that case Joe Ware Turner admitted having received his full share of the estate of O. J. Turner, deceased.
The claim of the appellants to an interest in the after-acquired property of the other Turner brothers and their wives is, therefore, barred by Section 646, Mississippi Code 1942 Annotated (1956), inasmuch as no petition was filed to falsify the settlements of these two administrations within two years after the date of the decrees.
The accounting between the partners was agreed upon during the trial and adopted by the chancellor in the final decree. We are of the opinion that the decree of the chancery court is proper in all respects and should be affirmed.
Since this case was tried, O. J. Turner, Jr., died December 10, 1968, and Mrs. A. S. Turner, the widow of O. J. Turner, Sr., and the mother of the Turner brothers, died October 10, 1969. Mrs. Lorayne P. Turner qualified as Executrix of the will of O. J. Turner, Jr., Mrs. Lorayne P. Turner, O. J. Turner, III, William Thomas Turner, Jack Spencer Turner and Douglas Dwight Turner are the sole and only heirs of O. J. Turner, Jr., deceased.
The Citizens National Bank of Belzoni, Mississippi, was appointed and qualified as Administrator of the estate of Mrs. A. S. Turner, deceased. This case has been heretofore revived in the names of the representatives of the respective estates. All that we have said in the foregoing opinion with reference to the disposition of the interest that belonged to the deceased persons is hereby made applicable to the representatives of the estates of the deceased parties.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, J J., concur.